STANFILL *v.* HOFFA.

1. CONSPIRACY—JURISDICTION OF STATE COURT—UNFAIR LABOR PRACTICE.

A State court has jurisdiction to grant relief in a common-law conspiracy action by employees against employer engaged in interstate commerce and others involving an unfair labor practice, as such an action is not pre-empted by the national labor relations act (29 USCA, §§ 158, 160).

2. SAME—SUFFICIENCY OF PLEADING.

Declarations in common-law conspiracy action by former employees against employer engaged in interstate commerce and others, which alleged a scheme where, by fraud and deceit, defendants conspired and planned to destroy plaintiffs' livelihood and as a result of said acts plaintiffs were deprived of their livelihood *held*, sufficient to show acts involving an illegal purpose and resulting damage to plaintiffs (29 USCA, §§ 158, 160.

3. SAME—CONCEALMENT—STATUTE OF LIMITATIONS.

A common-law action for conspiracy that was commenced within 2 years after the same had been discovered was not barred by the statute of limitations in view of provision extending period of time for bringing an action to 2 years after discovery thereof, where it has been fraudulently concealed (CLS 1956, § 609.20).

---

REFERENCES FOR POINTS IN HEADNOTES

[1] 31 Am Jur, Labor §§ 135, 211.
[2] 11 Am Jur, Conspiracy § 55.
[3] 34 Am Jur, Limitation of Actions §§ 162, 234.
   When does statute of limitations begin to run against civil action or criminal prosecution for conspiracy. 62 ALR2d 1369.
[4] 31 Am Jur, Labor § 66.
[5, 6] 30A Am Jur, Judgments §§ 324–335; 11 Am Jur, Conspiracy § 59.

4. SAME — INTRA-UNION REMEDIES — UNION CONTRACT WITH EM-
PLOYER.

Claim advanced in common-law action of conspiracy by former
employees against former employer, union officers and their
wives and corporate employer's officer that plaintiffs were
obliged to exhaust their remedies within the union and under
the employer-union contract before bringing the action *held*,
without merit, under record failing to show what remedies
or contract provisions were available.

5. JUDGMENT—RES JUDICATA—UNEMPLOYMENT COMPENSATION—UN-
FAIR LABOR PRACTICES—COMMON-LAW CONSPIRACY.

Adjudications in proceedings by plaintiffs to recover unemploy-
ment compensation benefits and against employer for alleged
unfair labor practices did not bar common-law action for
conspiracy brought against the former employer and others
since the previous adjudications did not determine the same
matters nor involve the identical parties.

6. COURTS—DECLINATION OF ANOTHER FORUM TO REVIEW ASPECT OF
INSTANT CASE.

State courts may not be closed to plaintiffs on the basis that
another forum has declined to review 1 aspect of total claim
alleged in common-law action of conspiracy against parties
including 1 who obtained dismissal of proceeding in other
forum without a hearing.

Appeal from Wayne; Weideman (Carl M.), J.
Submitted June 12, 1962. (Docket Nos. 40–42, Calen-
dar Nos. 49,264–49,266.)    Decided December 31, 1962.

Case by Milton Stanfill against James Hoffa, Bert
Brennan, Josephine Pozywak Hoffa, Alice Johnson
Brennan, Commercial Carriers, Inc., Automobile
Carriers, Inc., both Michigan corporations, and Bert
Beveridge, for damages resulting from conspiracy.

Similar cases by Johannas Petersen, Harold Cross,
Paul Smith, and Ira Nauss consolidated for trial
under the name of Cross.

Cases dismissed on motion.  Plaintiffs Stanfill,
Smith, and Nauss appeal.  Briefs and appendices

filed under name of Cross. Reversed and remanded for further proceedings.

*Robert E. Waldron,* for plaintiff-appellants.

*George S. Fitzgerald* and *Donald J. Prebenda* (*Paul B. Mayrand,* of counsel), for defendants Hoffa and Brennan.

*Matheson, Dixon & Brady,* for defendants Commercial Carriers, Inc., Automobile Carriers, Inc., and Beveridge.

ADAMS, J. These cases were decided by the trial court on a motion to dismiss and exhibits filed. The plaintiffs alleged that they were truck drivers or owners of 1 or more trucks leased to defendant Commercial Carriers, Inc., under oral and written contracts; that defendant Beveridge, an officer of the corporation, dealt with the plaintiffs; that the plaintiffs were members of Local 332 Teamsters; that James Hoffa was vice-president, and Bert Brennan was a union officer and assistant to James Hoffa; that Josephine Hoffa and Alice Brennan were their wives. Plaintiffs claim the defendants conspired to terminate their lease agreements with the defendant company, conspired to have any strike which might result declared illegal by the union, and, conspired that a corporation would be created by defendants Hoffa and Brennan, or their wives, financed by Beveridge and others which would be given the contractual business enjoyed by the plaintiffs. The defendants, it is claimed, concealed this conspiracy until congressional hearings in Detroit on November 24, 1953. It is further claimed that the conspiracy was carried out in spite of the fiduciary relationship between the defendant officers of the union and its members, and that the defendants prevented the

plaintiffs from leasing their equipment to other trucking concerns in the car-hauling industry, thereby depriving the plaintiffs of their livelihood, and causing them extensive damage.

Count 2, in addition to the above, alleges that defendant Beveridge and the Commercial Carriers, Inc., got a union strike called off and declared illegal by the union in return for setting up Hoffa and Brennan, through their wives, in the car-hauling business.

A third count is the same as the first count with an additional allegation of breach of fiduciary relation to plaintiffs by Hoffa and Brennan only.

The trial court held that the Federal government had reserved to itself any cause of action pleaded; that the facts pleaded did not show a conspiracy; that the plaintiffs had a duty to exhaust their remedies through the union; and finally, that the plaintiffs, by submitting to the jurisdiction of the national labor relations board and to a determination of their unemployment insurance benefits in the circuit court for Genesee county, were bound by those adjudications and estopped to proceed with this action. Motion to dismiss was granted.

Does the circuit court have jurisdiction over the subject matter? The national labor relations act of 1947, 29 USCA, § 160, provides that the national labor relations board "is empowered * * * to prevent any person from engaging in any unfair labor practice (listed in section 158 of this title) affecting commerce. This power shall not be affected by any other means of adjustment or prevention that has been or may be established by agreement, law, or otherwise." The jurisdiction of the national labor relations board was passed upon by the United States supreme court in the case of *International Association of Machinists* v. *Gonzales*, 356 US 617 (78 S Ct 923, 2 L ed 2d 1018). It was held that a State court might afford relief to a union member who claimed

he had been expelled from a union in violation of his
rights and that the State power to order reinstate-
ment in a union was not precluded by the fact that
the union's conduct may involve an unfair labor
practice.

The question was also passed upon by the United
States supreme court in *United Construction Work-
ers* v. *Laburnum Construction Corp.* (1953), 347 US
656 (74 S Ct 833, 98 L ed 1025), wherein it was held
that a construction corporation might bring an action
in a State court against labor organizations for dam-
age based upon tortious conduct, even though the
same also constituted an unfair labor practice.  Mr.
Justice Douglas, who dissented in that case, recog-
nized that there can be no such thing as a complete
pre-emption, saying (p 669), "If this labor organizer
had committed murder on the picket line, he would,
of course, be subject to prosecution by Virginia."

In the recently decided case of *Smith* v. *Evening
News Association,* 371 US 195 (83 S Ct 267, 9 L ed
2d 246) reversing *Smith* v. *Evening News Associa-
tion,* 362 Mich 350, the United States supreme court
held that an employee may maintain an action for
loss of wages in a State court because of violation of
a collective bargaining agreement even though the
alleged violation would clearly be an unfair labor
practice within the provisions of the national labor
relations act.  Certainly if a cause of action that
arises under that act may be maintained in a State
court, then the common-law action here alleged,
based upon a civil conspiracy, is not within the pre-
empted area of the Federal statute.

The second question is whether or not the plead-
ings, if taken as true, sufficiently set forth facts
which, if proved, would constitute a civil cause of
action for conspiracy.  All of the counts alleged a
scheme where, by fraud and deceit, the defendants
conspired and planned to destroy the plaintiffs' live-

lihood. It is further claimed that as a result of said acts the plaintiffs were deprived of their livelihood. Such allegations are sufficient in that they show acts involving an illegal purpose and resulting damage to the plaintiffs. 5 MLP, Conspiracy, § 4; *Dunn* v. *Goebel Brewing Co.*, 357 Mich 693, 698.

Was the plaintiffs' cause of action barred by the statute of limitations? The declaration alleges the conspiracy was not discovered until November 25, 1953. CLS 1956, § 609.20 (Stat Ann 1959 Cum Supp § 27.612) extends the period of time for bringing an action to 2 years after the same has been discovered where a person who is liable "shall fraudulently conceal the cause of such action, or conceal the identity of any party thereto." Suit in these cases was begun November 22, 1955, and would therefore be within the 2-year period.

It is next claimed that the plaintiffs were obliged to exhaust their remedies within the union and under the employer-union contract before this action could be brought. What those remedies may be, or what the provisions of the employer-union contract may be, were not presented to the chancellor and have not been presented to us on this record. Consequently the claim is without merit.

It is next claimed that the plaintiffs were barred because of previous decisions in other tribunals. On May 2, 1951, the circuit court for Genesee county affirmed the decision of the referee for the Michigan unemployment compensation commission that there was an unauthorized strike, that the plaintiffs participated therein, that they were discharged because of their participation and that as a result thereof they were disqualified for unemployment compensation benefits. The judgment is conclusive with regard to plaintiffs' rights to unemployment compensation, but the judgment does not purport or attempt

to make a determination with regard to the alleged conspiracy which is the basis for the present lawsuit.

Plaintiffs also filed a charge against the employer with the regional director of the national labor relations board. The unfair labor practice alleged was that Commercial Carriers, Inc., discharged the plaintiffs because they engaged in concerted and union activities protected under section 7 of the act,* that the employer reinstated all of the persons so engaged except for 5, including these plaintiffs, and that the employer coerced and intimidated its employees who were engaged in efforts to form their own independent labor organization. The regional director refused to issue a complaint. Upon appeal to the general counsel for the national labor relations board, the ruling of the regional director that there was insufficient evidence of the alleged violations to warrant further proceedings was sustained. The matter which was presented to the national labor relations board is not the same as that herein alleged. Further, the parties defendant to this lawsuit, though some of them are the same as in that proceeding, are not identical. Defendants Josephine Pozywak Hoffa, Alice Johnson Brennan, and Bert Beveridge were not a part of those proceedings. It must be concluded that the plaintiffs are not barred because of previous decisions in other tribunals.

The final question is whether the plaintiffs are now estopped to proceed because of the filing of the complaint under the national labor relations act. The remedy which was sought in the action before the national labor relations board was reinstatement of the plaintiffs. No remedy was, or could be, sought against the remaining defendants to this action. The charge did not contain any allegations herein set forth with reference to a conspiracy by all of the de-

* See 29 USCA, § 157.

fendants. No remedy was afforded these plaintiffs, nor did they have a full hearing on the charges which they filed against their employer. The courts of this State should not be closed to them on the basis that another forum has *declined* to review 1 aspect of the total claim here alleged.

The trial court erred in dismissing these cases. The order of dismissal is reversed and the matter is remanded to the trial court for further proceedings. Costs to plaintiffs and appellees.

CARR, C. J., and DETHMERS, KELLY, BLACK, KAVANAGH, SOURIS, and OTIS M. SMITH, JJ., concurred.