O'CONNOR v. HAYES BODY CORP.

1. MASTER AND SERVANT—HIRING AT WILL—NOTICE.
   Contract of employment for no definite period is hiring at will which may be terminated at any time by either party without notice.

---

On right to discharge employee where contract of hiring specifies no term, but fixes compensation at a certain amount per day, week, month or year, see annotation in 51 L. R. A. (N. S.) 629; 11 A. L. R. 469.

2. SAME—TERMINATION OF EMPLOYMENT—QUESTION OF FACT.
  Employment of efficiency expert, who was hired for indefinite
    period, was not terminated as matter of law by closing of
    factory and his subsequent employment as day watchman,
    if parties agreed to continuation of original compensation,
    as claimed by him.

Appeal from Ionia; Hawley (Royal A.), J. Submitted January 7, 1932. (Docket No. 62, Calendar No. 35,936.) Decided April 4, 1932.

Assumpsit by Cornelius J. O'Connor against Hayes Body Corporation, a Michigan corporation, on an employment contract. Verdict and judgment for plaintiff. Defendant appeals. Affirmed.

*Watt & Colwell,* for plaintiff.

*Oxtoby, Robison & Hull* and *George E. Nichols,* for defendant.

WIEST, J. Plaintiff brought this suit to recover for services as an efficiency expert under a special contract at the rate of $300 per month, from May 2, 1927, to February 1, 1930, the amount claimed unpaid being $2,767.03. Upon trial, by jury, plaintiff had verdict and judgment.

The defense was no fixed period of employment as an efficiency expert, and such employment ended when the factory was closed on December 15, 1927, that on December 20, 1927, plaintiff was hired as a day watchman at 45 cents per hour and received pay at that rate to March 1, 1928; that on March 15, 1928, the factory re-opened and plaintiff was hired as a timekeeper at $40 per week, and such employment continued until June, 1928, when plaintiff was given charge of the employment department and acted as timekeeper at $225 per month and so continued until January 30, 1929, when the factory again shut down.

Defendant admitted at the trial that there was due plaintiff the sum of $407.50, and asked the court to direct a verdict for that amount. This the court declined to do.

Plaintiff recovered on the claim that he was hired for an indefinite period at a salary of $300 per month, and the contract was never changed, although the character of his work was changed, and while he was paid different amounts as his work changed it was accepted by him under the assurance of various officers of defendant company that he would be paid the rest of his salary of $300 per month.

Defendant urges that:

"The contract of employment entered into by plaintiff and defendant corporation on April 16, 1927, under which the plaintiff was employed by defendant corporation as an 'efficiency expert,' at the plant of the defendant at Ionia, Michigan, terminated as a matter of law December 15, 1927, by the dismissal of the plaintiff and his subsequent rehiring as a day watchman."

The contract of employment, being for no definite period, was a hiring at will and could have been terminated, at any time, by either party without notice. It was not terminated as a matter of law by the closing of the factory and the subsequent employment of plaintiff as a day watchman, if the parties agreed to the continuation of compensation as claimed by plaintiff.

The evidence presented a question of fact for the jury and we find no reason for disturbing the verdict.

The judgment is affirmed, with costs.

Clark, C. J., and McDonald, Potter, Sharpe, North, Fead, and Butzel, JJ., concurred.