DUNN *v.* GOEBEL BREWING COMPANY.

1. CONTRACTS—BEER DISTRIBUTOR—FRAUD—INDUCEMENT—PLEADING.
   Plaintiff beer distributor's claim that his written contract with
   defendant brewer was vitiated by reason of fraudulent con-
   cealment inducing plaintiff to enter into it *held,* untenable
   under pleadings showing it had replaced an oral contract
   terminable at will and the new contract contained a clause
   permitting termination upon receipt of notice, the relation-
   ship between the parties was not confidential, no affirmative
   representations were made before execution of the contract
   that defendant would not give notice of cancellation as pro-
   vided in the contract, there was no allegation that plaintiff
   was induced by trick to sign the contract and plaintiff's real
   damage arose from defendant's discontinuance of sales of its
   products to plaintiff.

2. CONSPIRACY—GRAVAMEN OF CIVIL ACTION.
   The gist or gravamen of the civil action for conspiracy is not
   the conspiracy but the wrongful acts causing the damages.

3. SAME—DAMAGES.
   A conspiracy standing alone without the commission of acts
   causing damage would not be actionable as the cause of
   action does not result from the conspiracy but from the acts
   done.

4. ACTION—CASE—CONSPIRACY.
   An allegation of conspiracy does not change the nature of an
   action on the case for damages or add anything to its legal
   force and effect.

5. CONTRACTS—BEER DISTRIBUTOR—CANCELLATION—NOTICE—PLEAD-
   INGS—JUDGMENT—DELAY.
   The granting of defendant brewer's motion for judgment on the
   pleadings of plaintiff in action for damages for alleged breach

REFERENCES FOR POINTS IN HEADNOTES
[1] 24 Am Jur, Fraud and Deceit § 264.
[2, 3] 11 Am Jur, Conspiracy § 6.

of written contract for distribution of beer and denial of latter's motion for leave to file an amended or supplemental declaration, which motions were filed some 22 months after transfer of case from equity to law side of the court *held*, not error, under record showing 7-days' notice of cancellation of written contract which had replaced oral contract terminable at will.

Appeal from Wayne; Fitzgerald (Neal), J. Submitted October 9, 1959. (Docket No. 48, Calendar No. 48,139.) Decided November 24, 1959.

Bill by Harry Dunn, doing business as North End Goebel Distributors, against Goebel Brewing Company, a Michigan corporation, for injunctive relief and damages for cancellation of distributor's agreement. Stipulation transferring case to law side of court. Plaintiff's motion to amend pleadings denied and defendant's motion for judgment on pleadings granted. Plaintiff appeals. Affirmed.

*John L. Potter,* for plaintiff.

*Allen, Haass & Selander,* for defendant.

CARR, J. This case was instituted in equity, plaintiff seeking injunctive relief with a prayer for damages in the alternative. The bill of complaint, which was filed November 29, 1956, alleged that on or about August 1, 1941, plaintiff entered into an oral agreement with the defendant for the sale and distribution of the latter's products, and that the arrangement between the parties continued until September 14, 1956. On the latter date a written contract was executed setting forth at some length the rights and obligations of the parties. Among other provisions said contract specified that either party might terminate the contract at any time by giving written notice to the other, such termination

to take place upon receipt of notice. Plaintiff further alleged in his pleading that during the 15-year period in which he had engaged in the purchase and sale of defendant's products, he had invested in necessary equipment, had conducted his business in a satisfactory manner, and had endeavored to comply to the best of his ability with suggestions and requests from defendant in connection with said business and the furnishing of desired information to defendant.

Following the execution of the written agreement above mentioned, and on or about November 23, 1956, plaintiff, as he alleged in his bill of complaint, was informed by a representative of the defendant that the latter was not satisfied with the existing business connection, and thereafter was given written notice that the contract would terminate as of November 30, 1956. Plaintiff claimed that defendant's action was taken pursuant to a conspiracy to injure him, that such action was arbitrary and capricious, and that it resulted in serious injury to him because of the refusal of the defendant to continue to sell its products to him for purposes of resale. Copy of the written contract of September 14, 1956, was attached as an exhibit to the bill of complaint. Defendant by answer denied plaintiff's right to the relief sought, alleging that the written contract was terminated in accordance with its express provisions and denying that such termination was the result of a conspiracy or was prompted by a desire to injure plaintiff.

On the filing of the bill of complaint an order was issued requiring defendant to show cause why a temporary injunction should not be granted as prayed, restraining defendant from refusing to continue sales to plaintiff. The relief sought was denied and a temporary restraining order previously issued was set aside. Following the filing of defendant's

answer a stipulation was filed by the parties and an order, based thereon, was entered on January 22, 1957, transferring the cause to the law side of the court. Approximately 22 months later defendant moved for judgment on the pleadings, and this was followed by a petition by plaintiff for leave to file an amended or supplemental declaration. In such proposed pleading plaintiff incorporated by reference the material averments of the bill of complaint, and further alleged that he had been induced by fraud and misrepresentations to execute the written contract of September 14, 1956, terminating the prior oral arrangement. It was averred that defendant concealed from plaintiff its intention to terminate the written agreement, and that such failure on the part of defendant to advise plaintiff operated to vitiate the written contract. Apparently it was the theory of the plaintiff in his proposed amended pleading that the written undertaking between the parties was a nullity, that the oral arrangement continued in force and effect, and that he was entitled to a reasonable notice of termination thereof.

Defendant's motion for judgment on the pleadings was granted, the trial court concluding that plaintiff had not set forth facts that, assuming their truth, entitled him to recover damages. It was the opinion of the circuit judge that the defendant had the right to cancel the written contract in accordance with the specific provision thereof, that the original oral contract was terminable at will at any time, and that, in consequence, what had happened under the written agreement might have occurred with equal effect with reference to the working arrangement existing prior thereto. In accordance with the opinion an order was entered denying plaintiff's motion for leave to amend and granting defendant's motion for judgment on the pleadings. Plaintiff has appealed.

Appellant's claim as set forth in his proposed amended pleading, that he was induced by fraudulent concealment on the part of the defendant to enter into the written contract, to his injury, and that the contract was thereby vitiated, is not tenable. No claim is made that defendant made any affirmative representations to the effect that it would not give notice of cancellation as provided in the written undertaking, or that statements of like import were made. The relationship between the parties was not confidential but involved merely the purchase and sale of defendant's products. In the final analysis it was the refusal of defendant to continue such sales to plaintiff that is the basis of his claim for damages. When he signed the written undertaking plaintiff was charged with notice that the thing that actually did happen might occur. With reference to plaintiff's proposed amended pleading, if there was fraud in the inducement to the written contract it did not render that instrument void but merely voidable. Counsel for plaintiff has called attention to *Rood* v. *Midwest Matrix Mart, Inc.,* 350 Mich 559, in support of his contention that the written contract was vitiated by fraud. However, the case cited involved a claim of fraud in the *execution* of a written contract as distinguished from fraud in the inducement. In the case at bar plaintiff does not allege in his pleading that he was induced by trick to sign the written contract of September 14, 1956, or that he was not fully familiar with its provisions at the time he did so.

Plaintiff refers in his bill of complaint, and in his proposed supplemental pleading, to a conspiracy between defendant and others to terminate the business relation existing between himself and defendant. However, the injury of which he complains was not the result of the conspiracy but, rather, fol-

lowed from the refusal of defendant to sell its products to him. In *Roche* v. *Blair*, 305 Mich 608, 613, 614, a situation of this character was expressly covered in the following statement of the law:

"The law is well established that in a civil action for damages resulting from wrongful acts alleged to have been committed in pursuance of a conspiracy, the gist or gravamen of the action is not the conspiracy but is the wrongful acts causing the damages. The conspiracy standing alone without the commission of acts causing damage would not be actionable. The cause of action does not result from the conspiracy but from the acts done. Therefore, in the present case the alleged conspiracy, which plaintiffs claimed to have first discovered in 1940, was not their cause of action. Their cause of action was the alleged wrongful acts of defendants, which caused their claimed damages. The allegations of conspiracy did not change the nature of plaintiffs' action."

In support of the conclusion reached the Court cited with approval a number of prior decisions, including *Bush* v. *Sprague*, 51 Mich 41, and *Auto Workers' Temple Ass'n* v. *Janson*, 227 Mich 430, as well as decisions from other States.

The trial judge concluded that had the oral agreement between the parties continued in force and effect rather than being superseded by the written contract the arrangement between the parties existing thereunder might have been terminated at any time by either party. The arrangement was obviously one existing at will. In *O'Connor* v. *Hayes Body Corp.*, 258 Mich 280, it was recognized that a contract of employment of such character was subject to termination without notice. By analogy the same rule must be applicable to a situation of the character here involved. In *Reed* v. *Kurdziel*, 352 Mich 287, there was involved an agreement for the sale

and distribution by an agent of defendants' manufactured products. Defendants terminated the contract, and it was recognized by this Court that they had the right to do so, the Court citing in support of such conclusion American Law Institute, 2 Restatement, Agency, § 442; *O'Connor* v. *Hayes Body Corp.*, *supra; Powers & Company, Inc.,* v. *American Society of Tool Engineers,* 345 Mich 392.

In support of his claim that he would have been entitled to a reasonable notice of termination of the oral arrangement between the parties, appellant relies on *Mueller* v. *Bethesda Mineral Spring Co.,* 88 Mich 390. There plaintiff sued for damages for breach of a contract whereby he was made sole representative in certain territory for the sale of defendant's product. In correspondence between the parties defendant made reference to the period from October 1, 1887, to October 1, 1888, promising plaintiff a credit, or bonus, if his sales during such period amounted to $500. It is obvious from the opinion in the case that this Court regarded the contract as one for a period of 1 year, specifically holding that damages should be determined on such basis. Defendant had terminated the agreement some 5 months before the expiration of said period, and plaintiff was held entitled to offer proof as to the profits that he would have received during the 5 months if he had been permitted to continue under his contract. In the case at bar the oral agreement was not limited as to time and, hence, the *Mueller Case* is not in point.

Counsel for appellant also cites and relies on *Erskine* v. *Chevrolet Motors Co.,* 185 NC 479 (117 SE 706, 32 ALR 196). In that case a written contract was entered into between the parties containing a provision that it might be cancelled by either party by 5-days' written notice. There was, how-

ever, testimony indicating that there was a subsequent parol modification of the written agreement under which defendant through its authorized representative bound itself not to cancel the agency created and to ship goods ordered at the time specified therefor. In the case at bar an analogous situation is not asserted by plaintiff in his pleadings. No claim is made, in other words, that the written agreement on which plaintiff's cause of action was first based was altered by parol.

In the case at bar we conclude that the trial judge did not abuse his discretion in denying plaintiff's motion for leave to file an amended or supplemental pleading, and that he was not in error in entering judgment in defendant's favor on the pleadings. The judgment so entered is affirmed, with costs to appellee.

DETHMERS, C. J., and KELLY, SMITH, BLACK, EDWARDS, VOELKER, and KAVANAGH, JJ., concurred.