CARRY v CONSUMERS POWER COMPANY

1. JUDGMENT—SUMMARY JUDGMENT—FUNCTIONS—COURT RULES.

Summary judgment procedure serves two functions, generally speaking: (1) to test the legal validity of claims or defenses as pleaded, in whole or in part, and (2) to expose a sham claim or defense by requiring a party to commit himself by affidavit or otherwise to a showing of support for the formal allegations of his pleading (GCR 1963, 117).

2. JUDGMENT—SUMMARY JUDGMENT—QUESTION OF FACT.

A trial court in granting summary judgment must not summarily pass upon any genuinely disputed question of fact.

3. JUDGMENT—SUMMARY JUDGMENT—AFFIDAVITS—QUESTION OF FACT —COURT RULES.

A party opposing a motion for summary judgment on the grounds that there is no genuine issue as to any material fact is not required to submit affidavits; however, he is obliged to demonstrate by affidavits, testimony, deposition, admissions or documentary evidence on file that a genuine issue of material fact is actually in dispute (GCR 1963, 117.2[3]).

4. LABOR RELATIONS—MASTER AND SERVANT—EMPLOYMENT CONTRACT —DISCHARGE—WITHOUT CAUSE.

An employer, in the absence of a contract, can discharge an employee at will and without cause.

5. CONSPIRACY—CIVIL ACTION—DAMAGES—WRONGFUL ACTS.

Conspiracy standing alone without the commission of acts causing damage is not actionable; the cause of action does not result from the conspiracy but from the acts done.

---

REFERENCES FOR POINTS IN HEADNOTES

[1] 73 Am Jur 2d, Summary Judgment § 1.
[2] 73 Am Jur 2d, Summary Judgment § 26.
[3] 73 Am Jur 2d, Summary Judgment §§ 2, 16 et seq.
[4] 53 Am Jur 2d, Master and Servant §§ 43, 49.
[5] 15 Am Jur 2d, Conspiracy §§ 43, 44.
[6] 48 Am Jur 2d, Labor and Labor Relations §§ 273 et seq., 771.

6. LABOR RELATIONS—LABOR UNIONS—FAIR REPRESENTATION—
    BREACH OF DUTY—PLEADING—ALLEGATIONS.
    The allegations of a complaint alleging a breach of a union's duty
    of fair representation must contain more than conclusory state-
    ments alleging improper representation; conclusory allegations
    without specifying supporting facts to show the union's lack of
    good faith fail to state a valid claim.

Appeal from Oakland, Richard D. Kuhn, J. Sub-
mitted March 14, 1975, at Detroit. (Docket No.
18226.) Decided September 11, 1975.

Complaint by Patrick L. Carry against Consum-
ers Power Company, Michigan State Utility Work-
ers Council of Utility Workers Union of America,
AFL-CIO, and others for damages arising out of
plaintiff's discharge from employment. Summary
judgment for defendants. Plaintiff appeals. Af-
firmed.

*Dinan, Schenden & Lyons,* for plaintiff.

*Hartman, Beier, Howlett, McConnell & Googa-
sian,* for defendant Consumers Power Company.

*Marston, Sachs, O'Connell, Nunn & Freid,* for
all other defendants.

Before: R. B. BURNS, P. J., and T. M. BURNS and
R. M. MAHER, JJ.

PER CURIAM. Plaintiff appeals from an order of
summary judgment in favor of defendants, Con-
sumers Power Company, hereinafter referred to as
the Company, and Michigan State Utility Workers
Council of Utility Workers Union of America,
AFL/CIO; Local 105, Michigan State Utility Work-
ers Union, AFL/CIO; Russell Bjorkman; James
Koenig; Frank Davis; Elewyn Pletcher; John Dun-
ford; Rudy Asito; Ken Alexander; and Mike Hryn-

ick, hereinafter referred to as the Union. Plaintiff, a discharged employee of the Company and a member of the Union, sought damages growing out of his discharge.

The circumstances that gave rise to the present case are basically that on May 13, 1971, a 112-day strike by the Union against the Company began. The strike was marked by incidents of violence against persons and property associated with the Company and the Union. On June 5, 1971, while returning from a family wedding, plaintiff observed a Company truck. He requested that his wife stop the car. Plaintiff got out, walked over to the truck, reached in and slapped a Company supervisor on both cheeks. As a result of that act, plaintiff was discharged by the Company on June 7, 1971.

Plaintiff requested the Union to invoke grievance proceedings on his behalf. Because the Union-Management contract had expired, the ordinary contract grievance procedures were not in effect. However, the Union and the Company agreed to submit plaintiff's grievance (and 11 other discharge cases of the alleged 600 grievances to have been filed as a result of the strike) to an umpire for binding arbitration. On September 19, plaintiff's grievance was heard and on October 4, opinions and awards were entered. Plaintiff's discharge was upheld.

The arbitrator's findings included the following:

"This is a case where, apparently, alcohol mixed with frustration induced from weeks of striking drove the Grievant to commit a monumental misjudgment. He cannot explain why he did the act. He has no animosity toward Mr. Scarpelli. He felt badly about his conduct afterwards. He apologized in the hearing."

The arbitrator concluded:

> "However, since the arbitrator is establishing an impersonal standard of industrial justice in the area, mercy may voluntarily be extended by the Employer. In this case, it is recommended that such consideration be given by the Company. The Grievant's record (which shows but 3 disciplinary notices over 18 years), his long employment and family responsibilities position him as deserving mercy after his technical liability to the discharge penalty is set through action of the Umpire. It is to be hoped that this view is adopted."

Plaintiff petitioned for reinstatement but was denied.

Plaintiff's complaint contains three principal contentions: (1) that the Company breached its contractual duty by discharging plaintiff without just cause and by failing to treat all similarly situated employees equally; (2) that the Union failed to fairly represent plaintiff in either the discharge proceedings or the contract negotiations; (3) that the Union and the Company combined illegally to effect plaintiff's discharge for failure to support the Union in principle during the strike. Defendants contend plaintiff has failed to state a claim upon which relief can be granted and that there is no genuine issue as to any material fact. GCR 1963, 117.2(1), (3).

Generally speaking, summary judgment procedure serves two functions:

> "(1) to test the legal validity of claims or defenses as pleaded, in whole or in part, and (2) to expose a sham claim or defense by requiring a party to commit himself by affidavit or otherwise to a showing of support for the formal allegations of his pleading." 1 Honigman & Hawkins, Michigan Court Rules Annotated (2d Ed), Authors' Comments, p 358.

The court must be particularly careful that it does not summarily pass upon any genuinely disputed question of fact in granting summary judgment. *Rizzo v Kretschmer,* 389 Mich 363; 207 NW2d 316 (1973).

In the present case, defendants' motions for summary judgment were properly supported by affidavits to which plaintiff responded by reasserting the allegations contained in his complaint. The party opposing a motion based upon GCR 1963, 117.2(3) is not required to submit affidavits. However, he is obliged to demonstrate by affidavits, testimony, depositions, admissions or documentary evidence on file that a genuine issue of material fact is actually in dispute. *Rizzo v Kretschmer, supra,* 371. This, we feel, plaintiff has failed to do.

An employer, in the absence of a contract, can discharge an employee at will and without cause.[1] *Dunn v Goebel Brewing Co,* 357 Mich 693; 99 NW2d 380 (1959). Plaintiff, in this case, was discharged for an assault upon a supervisor during a strike which took place in an open time span between two contracts entered into by defendants. There was no contractual agreement under which plaintiff was guaranteed any rights.

Although not obliged to arbitrate the matter, the Union, at plaintiff's request, was able to do so and plaintiff was represented at the proceeding by counsel whose integrity is not questioned by plaintiff. While not offered the grievance procedure

---

[1] This statement does not reflect statutory provisions not here in issue, for example those which prohibit discharge of an employee for engaging in lawful concerted labor activities, 29 USC §§ 158(a)(1) and (3); *National Labor Relations Board v Fleetwood Trailer Co, Inc,* 389 US 375; 88 S Ct 543; 19 L Ed 2d 614 (1967), *National Labor Relations Board v Mackay Radio & Telegraph Co,* 304 US 333; 58 S Ct 904; 82 L Ed 1381 (1938), or on account of race or sex, 42 USC § 2000e-2(a)(1), *Alexander v Gardner-Denver Co,* 415 US 36; 94 S Ct 1011; 39 L Ed 2d 147 (1974), *McDonnell Douglas Corp v Green,* 411 US 792; 93 S Ct 1817; 36 L Ed 2d 668 (1973), or otherwise.

provided for in the contracts which were not in force at the time in question, plaintiff did have the opportunity to argue his case before a professional arbitrator whose integrity is not challenged either. Plaintiff admitted the conduct for which he was discharged and the arbitrator felt that the conduct was sufficient to warrant upholding of the discharge. Plaintiff alleges, however, that the Union officials and the Company merely put on a show pursuant to secret and unfair arrangements with respect to the disposition of the many grievances filed, thereby failing to provide plaintiff with fair representation.

In the case of *Dunn v Goebel, Brewing Co,* *supra,* 698, the Court quoted from *Roche v Blair,* 305 Mich 608, 613–614; 9 NW2d 861 (1943), the following:

"The law is well established that in a civil action for damages resulting from wrongful acts alleged to have been committed in pursuance of a conspiracy, the gist or gravamen of the action is not the conspiracy but is the wrongful acts causing the damages. The conspiracy standing alone without the commission of acts causing damage would not be actionable. The cause of action does not result from the conspiracy but from the acts done. Therefore, in the present case the alleged conspiracy, which plaintiffs claimed to have first discovered in 1940, was not their cause of action. Their cause of action was the alleged wrongful acts of defendants, which caused their claimed damages. The allegations of conspiracy did not change the nature of plaintiffs' action."

Here, plaintiff claims that he did not receive fair representation due to an alleged secret agreement between defendants but fails to specify what acts were wrongful, let alone how he was damaged by them. He had already lost his job by admittedly

assaulting a Company supervisor. He received, through the Union's efforts, his requested opportunity to take his discharge to arbitration, an opportunity which he was not entitled to by any contract. Plaintiff does not allege any impropriety on the part of the arbitrator or counsel.

"[T]he allegations of a complaint alleging a breach of a union's duty of fair representation must contain more than conclusory statements alleging improper representation; conclusory allegations without specifying supporting facts to show the union's lack of good faith fail to state a valid claim. *Balowski v International U, United A A & A Imp Wkrs.* 372 F2d 829, 835 (CA 6, 1967), *Hardcastle v Western Greyhound Lines,* 303 F2d 182, 186 (CA 9, 1962), *cert den,* 371 US 920; 83 S Ct 288; 9 L Ed 2d 229 (1962), *Brown v Truck Drivers & Help Loc U No 395, Baltimore, Md,* 264 F Supp 776 (D Md, 1967). Here, plaintiffs complained of an illegal combination between Union and Company in language which was purely conclusory, with no specific factual allegations to support the charges. Since such allegations are insufficient to state a claim of improper representation by the Union or collusion between Union and Company, the lower court could have properly dismissed plaintiffs' complaint for failure to state a claim." *Lusk v Eastern Products Corp,* 427 F2d 705, 708 (CA 4, 1970).

The trial court in the present case properly granted summary judgment, GCR 1963, 117.2(1), (3), in favor of defendants.

"The record demonstrates that the discharge * * * came about as a result of [Carry's] own misconduct despite the persistent but unsuccessful efforts of the Union in support of his 'hat-in-hand' grievance." *Johnson v General Drivers, Warehousemen and Helpers, Local Union No 89,* 488 F2d 250, 257 (CA 6, 1973).

Affirmed. Costs to defendants.