Bob CROWNOVER, et al.,
Plaintiffs-Appellants,

v.

SEARS, ROEBUCK AND CO., a New York Corporation,
Defendant-Appellee.

No. 77–1028.

United States Court of Appeals, Sixth Circuit.

Argued Feb. 7, 1979.

Decided March 9, 1979.

William D. Haynes, Haynes & Donnelly, V. Paul Donnelly, Rudy Huizenga, Detroit, Mich., Eugene F. Williams, Mount Clemens, Mich., for plaintiffs-appellants.

Richard L. Lehman, Garan, Lucow, Miller, Lehman, Seward & Cooper, Detroit, Mich., Lawrence Cohen, Lederer, Fox & Grove, Ronald S. Sheldon, Chicago, Ill., Marc E. Thomas, Gromek, Bendure & Thomas, Detroit, Mich., for defendant-appellee.

Before EDWARDS, Chief Judge, ENGEL and MERRITT, Circuit Judges.

PER CURIAM.

Plaintiffs are former full-time employees of defendant Sears, Roebuck and Co. whose employment was terminated on December 26, 1974. They had been hired by Sears as full-time employees under oral employment agreements. The suit was filed in the Michigan State courts and removed by Sears to the federal court under diversity jurisdiction. It is conceded by both parties that Michigan law clearly applies.

The District Judge in this case, after the taking of depositions, granted Sears' motion for summary judgment. Although there is some doubt as to whether or not appellants' appeal to this court was timely filed, we have elected to treat it as having been so filed, in view of a confusion on the filing date in the District Court Clerk's office. It appears to this court that the sole issue presented is whether or not under Michigan law a private employer may terminate an employee at will, there being no written contract of employment.

This record shows that the terminations were based solely upon economic circumstances. Plaintiffs have failed to show any written contract between individual employees and Sears, or any collective bargaining agreement which is alleged to have been violated. We are unable to find, as

the District Court was unable to find, any legal basis for appellants' reliance upon their prior participation in the Savings and Profit Sharing Fund of Sears Employees as having any effect upon creating continuing rights to employment.

Although appellants earnestly argue the injustices of termination of employment without recourse, they do not point to any Michigan law which appears to support their position. To the contrary, the law of the State of Michigan to date appears to be settled that oral employment contracts are terminable at will by either party. *Lynas v. Maxwell Farms*, 279 Mich. 684, 273 N.W. 315 (1937); *Dunn v. Goebel Brewing Co.*, 357 Mich. 693, 99 N.W.2d 380 (1959); *McLaughlin v. Ford Motor Co.*, 269 F.2d 120 (6th Cir. 1959).

The judgment of the District Court is affirmed.