CLIFFORD v CACTUS DRILLING CORPORATION

Docket No. 51868. Submitted March 3, 1981, at Grand Rapids.—
Decided August 25, 1981.

Kevin L. Clifford brought an action against his former employer,
Cactus Drilling Corporation, in the Kalkaska Circuit Court,
alleging that defendant wrongfully fired him for his absence
due to pain caused by a work-related injury for which he had
received workers' compensation benefits. The court, William A.
Porter, J., granted summary judgment for defendant. Plaintiff
appealed. *Held:*

For reasons of public policy, an employer may not fire an
employee on account of absences from work that were due to a
work-related injury for which the employee is entitled to com-
pensation benefits.

Reversed and remanded.

R. B. BURNS, P.J., dissented. He would hold that this case
*does not present a recognized exception to the general rule that*
an employee not under contract may be discharged at will and
without cause. He would affirm.

OPINION OF THE COURT

1. MASTER AND SERVANT — WORKERS' COMPENSATION — FIRINGS.

An employer may not fire an employee on account of absences
from work that were due to a work-related injury for which the
employee is entitled to compensation benefits.

DISSENT BY R. B. BURNS, P.J.

2. MASTER AND SERVANT — WORKERS' COMPENSATION — FIRINGS.

*An employer may fire an employee on account of absences from*
*work that were due to a work-related injury for which the*
*employee is entitled to compensation benefits.*

*Shanahan & Scheid,* for plaintiff.

REFERENCES FOR POINTS IN HEADNOTES
[1, 2] 53 Am Jur 2d, Master and Servant § 50.
Right of employer to terminate contract because of employee's
illness or physical incapacity.

*Cholette, Perkins & Buchanan* (by *Edward D. Wells),* for defendant.

Before: R. B. BURNS, P.J., and T. M. BURNS and CYNAR, JJ.

PER CURIAM. Plaintiff appeals as of right a lower court order granting a motion by defendant for summary judgment. We reverse.

The sole issue in this appeal is whether an employer may fire an employee on account of absences from work that were due to a work-related injury for which the employee is entitled to compensation benefits. The few pertinent facts of this case are summarized in the dissenting opinion.

For purposes of determining the propriety of a motion for summary judgment, a trial judge must accept as true all of the nonmovant's factual allegations as well as any reasonable inferences that could be drawn therefrom. *Szydlowski v General Motors Corp,* 59 Mich App 180; 229 NW2d 365 (1975).

It would be anomalous for this Court to hold that an employee may not be fired in retaliation for the filing of a workers' compensation claim, *Sventko v The Kroger Co,* 69 Mich App 644; 245 NW2d 151 (1976), and then to hold, as the dissent would, that an employer may fire the employee nonetheless because of his absence from work due to the injury for which he is receiving such compensation. The effect of the dissenting opinion in this case would be to create a substantial "loophole" through which this Court's opinion in *Sventko* may be vitiated.

Permitting an employer to fire an employee for absences due to a compensable claim under the Worker's Disability Compensation Act would have

a chilling effect on the filing of such claims. Public policy, therefore, dictates the opposite result. Inasmuch as it is the policy of this state that injured employees be fully compensated for their work-related injuries, the firing of such employees on account of their absence from work while recovering from their injuries does violate the established public policy of this state.

The lower court order granting summary judgment in favor of defendant is reversed and this case is remanded for trial.

R. B. BURNS, P.J. *(dissenting).* Plaintiff alleged that defendant fired him for missing work. Plaintiff further alleged that defendant had no right to so fire him since his absence from work was due to a disability arising from a work-related injury for which he had received workers' compensation benefits.

The record reveals that plaintiff was injured on the job on December 20, 1977. He received workers' compensation benefits for a period of five weeks. He returned to work, but a recurrence of the pain caused by the injury forced him to call in sick on February 14, 1978. He was fired the next day. Plaintiff commenced suit, and defendant moved for summary judgment on the ground that plaintiff had failed to state a claim upon which relief could be granted. The motion was granted by the trial court.

The common law in Michigan has been that:

"An employer, in the absence of a contract, can discharge an employee at will and without cause. *Dunn v Goebel Brewing Co,* 357 Mich 693; 99 NW2d 380 (1959)." *Carry v Consumers Power Co,* 64 Mich App 292, 296; 235 NW2d 765 (1975). (Footnote omitted.)

However, this rule has been circumscribed in recent years and exceptions have been recognized where the employee's discharge contravenes a statute or is contrary to public policy.

In *Sventko v The Kroger Co,* 69 Mich App 644; 245 NW2d 151 (1976), this Court held that an employer could not fire an employee in retaliation for the employee's filing of a workers' compensation claim. On the other hand, in the present case, plaintiff's principal allegation is that he was fired because of his injury-related absence from work. This situation does not qualify as an exception to the general rule.

I would affirm.