NORTHWEST INDUSTRIAL CREDIT UNION, Plaintiff,

v.

Donald SALISBURY, et al., Defendants and Third-Party Plaintiffs,

v.

JAMES RIVER CORPORATION, et al., Third-Party Defendants.

No. K83–322 CA4.

United States District Court, W.D. Michigan, S.D.

April 28, 1986.

Steve Langeland, Kalamazoo, Mich., for plaintiff.

Astra K. Bremanis, Kalamazoo, Mich., for defendant and third-party plaintiff Salisbury.

James E. Beck, Early, Lennon, Peters & Crocker, Kalamazoo, Mich., for third-party defendant James River Corp.

## OPINION

BENJAMIN F. GIBSON, District Judge.

This action was filed in state court by plaintiff, Northwest Industrial Credit Union, in an attempt to collect on a loan made to defendant, Donald Salisbury. Defendant and now Third-Party Plaintiff impleaded his past employer, James River Corporation and the Local and International Unions on the theory that his discharge resulted in the inability to pay the debt. The third-party complaint alleged four claims: Count I asserted wrongful discharge of plaintiff in violation of the collective bargaining agreement; Count II alleged intentional infliction of emotional distress upon plaintiff and his father; Count III alleged retaliatory discharge; and Count IV alleged a breach of duty of fair representation against the Union. Defendant Union removed the action to this Court and filed a motion to dismiss Count IV. In an memorandum and order dated January 11, 1984, this Court dismissed the Union on the grounds that the complaint was untimely under the applicable six-month statute of limitations of § 10(b) of the National Labor Relations Act, 29 U.S.C. § 160(b). In an order dated April 23, 1984, the Court also dismissed Count I against the employer on statute of limitations grounds, and remanded Counts II and III to state court. These orders were affirmed by the Sixth Circuit.

Upon remand, plaintiff Salisbury amended the complaint, adding Bill Louden, President of the Local Union, as a third-party defendant. Additionally, plaintiff alleged a claim of discrimination under the Michigan Handicapper's Civil Rights Act, M.C.L.A. § 37.1101 et seq. and a claim for negligent discharge. Defendant Union, joined by defendants James River & Louden, again removed the action to this court. The matters currently before the Court are: Plaintiff's motion for remand; two motions to dismiss filed by defendants Union and James River Corporation, respectively; and a motion to dismiss and/or for summary judgment filed by defendant Louden.

## I. REMOVAL JURISDICTION AND PREEMPTION

As an initial concern, the Court is faced with the issue of whether it has jurisdiction to determine the issues presented by the pending motions. Under the provisions of 28 U.S.C. § 1441(a), this Court can only acquire removal jurisdiction over actions of which it has original jurisdiction. As there is no diversity of citizenship, the propriety of removal turns on the existence of a federal question.

■ Plaintiff claims that removal was improper because the amended complaint only alleges state law violations and therefore it could not have been originally brought in federal court. Plaintiff further contends that a federal question must be present and pled in the complaint in order

to invoke federal jurisdiction, *Gully v. First National Bank,* 299 U.S. 109, 57 S.Ct. 96, 81 L.Ed. 70 (1936), and that since defendants have raised the issue of federal preemption only as a defense, federal jurisdiction is improper. This is known as the well pleaded complaint rule. An exception to this rule exists, however, where the complaint is "artfully pleaded" to avoid a federal question. Courts have consistently held that a plaintiff may not defeat removal by "artful pleading," where it is apparent from the facts alleged in the complaint that a federal cause of action is raised. *Franchise Tax Board v. Laborers Vacation Trust,* 463 U.S. 1, 103 S.Ct. 2841, 77 L.Ed.2d 420 (1983); see *Avco Corp. v. Aero Lodge,* 376 F.2d 337 (6th Cir.1967), aff'd. 390 U.S. 557, 88 S.Ct. 1235, 20 L.Ed.2d 126 (1968). The inquiry is whether the complaint necessarily raises a federal cause of action though characterized as a state claim or whether federal preemption is raised as a defense to an otherwise state law cause of action. The former is removable while the latter, though preempted, is not removable. See *Franchise Tax Board,* 463 U.S. at 10, 103 S.Ct. at 2846–48.

The Sixth Circuit has held that "all rights and claims arising from a collective bargaining agreement in an industry affecting interstate commerce arise under Federal law." *Avco,* 376 F.2d at 340. Plaintiff has asserted claims for handicap discrimination; negligent discharge; intentional infliction of emotional distress; retaliatory discharge; negligent, intentional interference with a contract; and negligent intentional infliction of emotional harm. Although the complaint does not specifically mention the collective bargaining agreement, considering the total nature of the claims, the Court concludes that the complaint, with the exception of one claim, is based on rights emanating from the collective bargaining agreement and therefore it necessarily raises a federal cause of action which is properly removable.

## A. HANDICAPPER'S DISCRIMINATION

This count alleges that the defendant company breached its "duty to adapt avail-able work so that Plaintiff Donald Salisbury could continue with his employment with significant work duties" in violation of the Michigan Handicapper's Act. Plaintiff further alleges that as a result of that breach he was assigned insignificant work duties and then fired due to non-productivity.

Defendants assert preemption of this claim based on the Sixth Circuit's opinion in *Maynard v. Revere Copper Products, Inc.,* 773 F.2d 733 (6th Cir.1985). In *Maynard,* the plaintiff alleged a cause of action for failure to represent pursuant to the handicapper statute. The Court held this claim against the Union to be preempted because the statutory rights were coextensive with rights under federal labor law. The Court explained that there could only be one claim for failure to represent, which is purely a federal issue, and that such a claim was time barred.

In the present case, the plaintiff's cause of action would arise under M.C.L.A. § 37.1202(1)(g), which states:

(1) An employer shall not:

(g) Discharge or take other discriminatory action against an individual when adaptive devices or aids may be utilized thereby enabling that individual to perform the specific requirements of the job.

These statutory rights are not coextensive with rights under federal labor law. It provides a cause of action for failure to adapt facilities and for any discrimination emanating therefrom. Plaintiff has alleged a state law right which exists independently of private agreements and which does not require interpretation of the labor agreement for its resolution. *Allis Chalmers Corp. v. Leuck,* —— U.S. ——, 105 S.Ct. 1904, 85 L.Ed.2d 206 (1985). The Court therefore concludes that plaintiff has alleged a state cause of action, and that such an action is not preempted by Federal labor law. Furthermore, the fact that this issue may be grievable would not preclude this civil rights claim. *Alexander v. Gard-*

*ner-Denver Co.,* 415 U.S. 36, 94 S.Ct. 1011, 39 L.Ed.2d 147 (1974).

### B. NEGLIGENT DISCHARGE

 Plaintiff's claim of negligent discharge alleges that the defendant company breached "a duty to fully investigate the circumstances of the shooting before terminating Third-Party Plaintiff Donald Salisbury's employment." The duty in question concerns the obligation owed to the employee by the company with respect to cause for termination. This is a universal subject for collective bargaining agreements. Any resolution of the question of whether a duty was breached—whether the breach is termed negligence or anything else—would substantially depend upon analysis of the terms of the collective bargaining agreement. When resolution of a state law claim is substantially dependent upon analysis of the terms of an agreement made between the parties in a labor contract, the claim must be treated as a § 301 claim. *Allis Chalmers,* 105 S.Ct. at 1916, citing *Avco Corp.,* 390 U.S. 557, 88 S.Ct. 1235, 20 L.Ed.2d 126. The Court therefore concludes that plaintiff has necessarily stated a federal cause of action which preempts any state based tort claim for negligence.

### C. INTENTIONAL INFLICTION OF EMOTIONAL DISTRESS

 In this count, plaintiff seeks emotional distress damages for "the termination of plaintiff's livelihood based upon no known true facts...." Plaintiff further asserts that defendant company "had a duty to treat Third-Party Plaintiffs in a manner which was free from such infliction of mental distress." Federal law preempts an action for emotional distress against an employer where the allegations arose out of the employee's discharge, as such acts are covered by the collective bargaining agreement. *Magnuson v. Burlington Northern Inc.,* 576 F.2d 1367, 1369 (9th Cir.1978). As plaintiff has not shown that any of the acts alleged in this count were not based on the termination of his employment contract, his claim could only be via-

ble as a § 301 claim and was therefore properly removed.

### D. RETALIATORY DISCHARGE

 The allegations concerning retaliatory discharge also state a federal cause of action. Plaintiff alleges that he was fired "in order to avoid payment of further wages ... and/or payment of further worker's disability compensation." He further alleges that the company's "wrongful discharge was retaliatory and in violation of the public policy of the State of Michigan."

Although Michigan, on public policy grounds, has recognized a cause of action for discharge in retaliation for filing worker's compensation such actions have arisen in the employment at will context. *Sventko v. Kroger Co.,* 69 Mich.App. 644, 245 N.W.2d 151 (1976). However, where a contractual agreement guarantees employment rights, those provisions are controlling. See, *Carry v. Consumers Power Co.,* 64 Mich.App. 292, 235 N.W.2d 765. The Court therefore concludes that any state cause of action for retaliatory discharge in the worker's compensation context is inapplicable to employees covered by collective bargaining agreements. Furthermore, as any allegations concerning such discharge are allegations of a breach of the governing contractual provisions, the action is one under § 301 of the Labor Management Relations Act rather than state law. *Vantine v. Elkhart Brass,* 762 F.2d 511 (7th Cir. 1985).

### E. NEGLIGENT, INTENTIONAL INTERFERENCE WITH A CONTRACT

 This count alleges that defendant Louden "negligently and/or intentionally failed to investigate or support Third Party Plaintiff Donald Salisbury's grievance because of Third-Party Plaintiff Jack Salisbury's prior role in said local. Plaintiff further alleges that, for personal reasons, defendant Louden "negligently and intentionally allowed to have Third-Party Plain-

tiff Donald Salisbury terminated by Third-Party Defendant Company."

Once again, plaintiff has carefully side-stepped any reference to the labor agreement by couching his cause of action in terms of state tort law. However, it is not unreasonable to infer that the "contract" is the collective bargaining agreement. These allegations plainly concern a breach of the duty of the Union and its officers in fair representation and processing of a grievance. This is clearly a federal claim which should be addressed under § 301.

### F. NEGLIGENT, INTENTIONAL IN-FLICTION OF EMOTIONAL HARM

■ Plaintiff seeks to recover damages for the failure of the Union to investigate his termination, advise him of his worker's disability rights and obtain appropriate work for him.

Again, plaintiff clearly seeks to recover for a breach of the duty of fair representation. Although pled in state tort terms, the facts alleged are intertwined with the grievance machinery of the collective bargaining agreement and with plaintiff's rights as a union member. Plaintiff has artfully pled around the federal cause of action and therefore this court has proper jurisdiction over this claim. *Magnuson,* 576 F.2d at 1369.

In summary, the Court finds that, with the exception of the handicapper claim, the plaintiff has "artfully pled" around a federal question. As a federal question is inherent in the nature of the remaining claims, any state tort actions are preempted, and this Court has proper removal jurisdiction. Therefore, Plaintiff's motion for remand is denied.

## II. THE MERITS

Plaintiff has essentially stated a cause of action for breach of the collective bargaining agreement against the company and for breach of the duty of fair representation against the Union and its representatives pursuant to the Labor Management Relations Act, § 301, 29 U.S.C. § 185

(1947). The Court has previously addressed these issues in it's opinion dated January 11, 1984. For the reasons set forth in that opinion, the Court will dismiss the Third Party claims for negligent discharge; intentional infliction of emotional distress; retaliatory discharge; negligent, intentional interference with a contract; and negligent, intentional infliction of emotional distress.

Having dismissed all federal claims, the Court, exercising it's discretion, is persuaded that the better procedure is to remand the pendent handicapper's claim to Kalamazoo County Circuit Court. *See, United Mine Workers of America v. Gibbs,* 383 U.S. 715, 86 S.Ct. 1130, 16 L.Ed.2d 218 (1966).