BARKER ET AL., APPELLANTS, *v.* DAYTON WALTHER CORPORATION, APPELLEE.

(No. 11177—Decided April 25, 1989.)

*James B. Robinson* and *David Cook,* for appellants.

*Lawrence J. Barty,* for appellee.

FAIN, J. The issue before us is whether an employee who has been disabled as a result of a work-related injury for more than six months may be discharged by his employer as a result of the employer's policy of discharging any employee who is medically disabled from working for more than six months. Plaintiffs-appellants, each of whom was discharged from his employment pursuant to such a policy, contend that their discharges violated the prohibition against retaliatory discharges contained in R.C. 4123.90 or, in the alternative, that their discharges were against public policy.

We conclude that the plaintiffs' discharges violated neither R.C. 4123.90 nor the public policy of the state of Ohio. Accordingly, the judgment of the trial court in favor of defendant-appellee Dayton Walther Corporation ("Dayton Walther") will be affirmed.

I

The plaintiffs were all employees

1

of Dayton Walther, employed in Dayton. All have pursued claims pursuant to Ohio's Workers' Compensation Act (R.C. Chapter 4123), and all were discharged by Dayton Walther on January 9, 1986.

In July 1985, Dayton Walther announced that it would discharge any employee who was unable to work after six months of disability leave. Pursuant to that policy, plaintiffs were discharged. Plaintiffs brought this action seeking reinstatement, damages and other relief. Plaintiffs claimed in their complaint that their discharges violated the prohibition against retaliatory discharges set forth in R.C. 4123.90 and, in the alternative, that their discharges were against the public policy of the state of Ohio.

The claim that the plaintiffs' discharges violated R.C. 4123.90 was heard before a referee. The trial court adopted the referee's report and recommendations, finding that the plaintiffs were discharged for the reason that each of them was disabled from working for a period in excess of six months, and not for the reason that he or she had sought to obtain workers' compensation benefits.

The trial court entered judgment in favor of Dayton Walther. From that judgment, plaintiffs appeal.

## II

The plaintiffs' first assignment of error is as follows:

"The court below erred in its determination that the discharges of the seventeen plaintiffs all of whom were pursuing workers' compensation claims were not in violation of O.R.C. § 4123.90."

At the oral argument of this case, plaintiffs argued that the prior elimination of all employee benefits that would have accrued to their benefit as disabled employees leads to the irresistible inference that the only reason the maximum sick leave period was reduced, leading to their discharges, was because they had filed workers' compensation claims. Dayton Walther argued that the reduction in the maximum sick leave period and the elimination of various benefits were both put on the table at the same time, and for the same purpose — to reduce costs. Dayton Walther argued that the rationale for the reduction of the maximum sick leave was not reconsidered at the time that management decided to implement it, along with other proposals that had indirect economic impact.

It is clear that the reduced, maximum sick leave policy caused the discharge of three disabled employees who were not eligible for, and had not applied for, workers' compensation benefits. In view of that circumstance, we conclude that although the finder of fact *might* have drawn the inference that the purpose of the reduced, maximum sick leave policy was retaliatory, the finder of fact was not *required* to draw that inference.

Plaintiffs argue further that, even without the retaliatory inference they urge, to have discharged them because they were unable to work as a result of a work-related injury, for which they were entitled to receive workers' compensation benefits, violated R.C. 4123.90.

R.C. 4123.90 provides, in pertinent part, as follows:

"No employer shall discharge, demote, reassign, or take any punitive action against any employee because such employee filed a claim or instituted, pursued or testified in any proceedings under the workers' compensation act for an injury or occupational disease which occurred in the course of and arising out of his employment with that employer. * * *"

Essentially, plaintiffs argue that R.C. 4123.90 abrogates Ohio's employ-

ment-at-will doctrine during the time that a workers' compensation claim is pending or active. We rejected such an argument in *Baker* v. *Culligan Water Conditioning* (Oct. 2, 1986), Clark App. No. CA 2133, unreported.

We remain convinced that the statute does not prevent an employer from discharging an employee who is unable to perform his duties; it merely prevents an employer from discharging an employee because the employee pursues a workers' compensation claim. As long as it is the position of the employer that it makes no difference to the employer whether the employee chooses to pursue a workers' compensation claim, the employee will be discharged if he is unable to perform the work; the discharge cannot be said to be in retaliation for having pursued a workers' compensation claim. The employer's position is that, even if the employee chooses not to pursue a workers' compensation claim, if he cannot do the work, he cannot continue to be employed. This is consistent with Dayton Walther's having applied the same policy to employees who were disabled from working for reasons having nothing to do with work-related injuries, for periods of time greater than six months.

Plaintiffs cite three cases from other jurisdictions in support of their argument. The first of these, *Griffin* v. *Eastman Kodak Co., Inc.* (1980), 80 App. Div. 2d 689, 436 N.Y. Supp. 2d 441, followed an earlier case, *Lo Dolce* v. *Regional Transit Serv., Inc.* (1979), 77 App. Div. 2d 697, 429 N.Y. Supp. 2d 505. *Lo Dolce* involved a similar statute, and held that an employee who has applied for and is receiving workers' compensation benefits may not be discharged as a result of absences caused by a work-related, compensable injury. Although *Lo Dolce* does support the argument of the plaintiffs in the

case before us, we simply do not find it to be persuasive.

Plaintiffs also cite *Clifford* v. *Cactus Drilling Corp.* (1981), 109 Mich. App. 776, 312 N.W. 2d 380. In that case, the court held, in a two-to-one decision, that an employee cannot be discharged because of absences resulting from a work-related compensable injury. In Michigan, at least at the time that *Clifford* was decided, there was no statutory prohibition against retaliatory discharges. Instead, the courts had recognized a cause of action for retaliatory discharge, based on public policy grounds. Because the retaliatory discharge policy was judicially created, the Michigan court was in a position to expand that policy to include the prohibition of discharges resulting from absences caused by a work-related injury. We are not in a comparable position in the case before us, because in Ohio the prohibition against retaliatory discharges is a creature of statute, and, in our view, the wording of the statute does not encompass a prohibition against discharges because of absences resulting from work-related, compensable injuries. In any case, the Michigan Supreme Court reversed the decision of the court of appeals at (1984), 419 Mich. 356, 353 N.W. 2d 469.

The final case cited by plaintiffs is *Judson Steel Corp.* v. *Workers' Comp. Appeals Bd.* (1978), 22 Cal. 3d 658, 150 Cal. Rptr. 250, 586 P. 2d 564. In that case, the California Supreme Court decided, by a four-to-three vote, that an employee could not be discharged or discriminated against because of an absence that resulted from a compensable, work-related injury. The California statute contained a similarly worded prohibition against retaliatory discharges, but it had been amended to include the following preamble: " 'It is the declared policy of this state that there should not be discrimination

against workers who are injured in the course and scope of their employment.' " *Id.* at 661, 150 Cal. Rptr. at 251, 586 P. 2d at 565. The majority relied upon the statutorily declared policy in its decision. There is no similar statutorily declared policy in Ohio.

We conclude that until and unless the Ohio General Assembly decides to expand the scope of R.C. 4123.90 to prohibit an employer from discharging an employee because the employee is unable to work as a result of a work-related injury, an employer is not prohibited from discharging an employee under those circumstances.

The plaintiffs' first assignment of error is overruled.

### III

The plaintiffs' second assignment of error is as follows:

"The court below erred in its determination that the discharges of the seventeen plaintiffs, all of whom were disabled at the time of discharge, were not unlawful as violative of the public policy of the state of Ohio."

Plaintiffs contend that Ohio policy favors disabled workers, and that it is contrary to that public policy to permit an employer to discharge an employee because he is unable to work as a result of a work-related injury.

As Dayton Walther points out in its brief, Ohio's policy with respect to discriminating against employees as a result of physical handicaps is expressed in R.C. 4112.02. R.C. 4112.02 (A) declares it to be unlawful for an employer to discriminate against any employee because of handicap. However, in R.C. 4112.02(L), it is expressly provided that nothing in Division (A) of the statute should be construed to require the employment of a handicapped person "in a job that requires him routinely to undertake any task, the performance of which is substantially and inherently impaired by his handicap." We conclude that the public policy of Ohio proscribing discrimination against persons with physical handicaps does not extend so far as to require an employer to continue the employment of a disabled employee who is unable to perform his job duties as a result of a work-related injury.

Plaintiffs' second assignment of error is overruled.

### IV

Both of plaintiffs' assignments of error having been overruled, the judgment of the trial court will be affirmed.

*Judgment affirmed.*

WILSON and GRADY, JJ., concur.