OPINION
{¶ 1} Plaintiff-appellant, Beverlee Oliver, appeals from a judgment of the Franklin County Court of Common Pleas granting the summary judgment motion of defendant-appellee, Wal-Mart Stores, Inc., on plaintiff's claim that defendant violated R.C. 4123.90 in discharging plaintiff from her employment with defendant. Plaintiff assigns a single error:
{¶ 2} "THE TRIAL COURT ERRED IN GRANTING DEFENDANT-APPELLEE'S MOTION FOR SUMMARY JUDGMENT PURSUANT TO OHIO CIVIL PROCEDURE RULE 56 WHEN THERE ARE CLEARLY GENUINE ISSUES AS TO MATERIAL FACTS, AND THEREFORE THE MATTER SHOULD BE HEARD BEFORE THE TRIER OF FACT." Because the trial court properly granted defendant summary judgment, we affirm.
{¶ 3} On February 23, 2001, plaintiff filed a refiled complaint, and subsequently an amended complaint, against defendant. According to plaintiff's allegations, she was an employee of defendant on July 3, 1997, when she accidentally was injured in the course of her employment. Due to her injury, she pursued her rights under the Ohio workers' compensation laws. Contending defendant discharged her on January 29, 1999 because she was pursuing those rights, plaintiff sought damages for defendant's alleged violation of R.C. 4123.90.
{¶ 4} After responding to plaintiff's complaint and amended complaint, defendant filed a summary judgment motion, contending defendant discharged plaintiff not because she filed a workers' compensation claim, but because her absence from work for more than a year violated defendant's medical leave policy. Following the parties' full briefing of the motion, the trial court granted defendant's summary judgment motion.
{¶ 5} Plaintiff's single assignment of error contends the trial court erred in concluding defendant did not violate R.C. 4123.90. Specifically, plaintiff asserts that because she filed a claim under the workers' compensation laws, defendant refused to cooperate with her doctor and the rehabilitation nurse defendant assigned to her as they attempted to ascertain a job plaintiff could perform for defendant within her medical restrictions. Plaintiff further contends defendant's refusal was calculated to allow defendant to terminate plaintiff for violating defendant's medical leave policy that prohibits absence for more than a year.
{¶ 6} An appellate court's review of summary judgment is conducted under a de novo standard. Coventry Twp. v. Ecker (1995),101 Ohio App.3d 38, 41; Koos v. Cent. Ohio Cellular, Inc. (1994),94 Ohio App.3d 579, 588. Summary judgment is proper only when the parties moving for summary judgment demonstrate: (1) no genuine issue of material fact exists, (2) the moving parties are entitled to judgment as a matter of law, and (3) reasonable minds could come to but one conclusion and that conclusion is adverse to the party against whom the motion for summary judgment is made, that party being entitled to have the evidence most strongly construed in its favor. Civ.R. 56; State ex rel. Grady v. State Emp. Relations Bd. (1997), 78 Ohio St.3d 181.
{¶ 7} Pursuant to Civ.R. 56(C), the moving party bears the initial burden of informing the trial court of the basis for the motion and identifying those portions of the record demonstrating the absence of a material fact. Dresher v. Burt (1996), 75 Ohio St.3d 280, 293. Once the moving party discharges its initial burden, summary judgment is appropriate if the non-moving party does not respond, by affidavit or as otherwise provided in Civ.R. 56, with specific facts showing that a genuine issue exists for trial. Dresher, supra, at 293; Vahila v. Hall (1997), 77 Ohio St.3d 421, 430; Civ.R. 56(E). See, also, Castrataro v. Urban (Mar. 7, 2000), Franklin App. No. 99AP-219.
{¶ 6} Plaintiff's allegations are premised on R.C. 4123.90, which states:
{¶ 7} "No employer shall discharge, demote, reassign, or take any punitive action against any employee because the employee filed a claim or instituted, pursued or testified in any proceedings under the workers' compensation act for an injury or occupational disease which occurred in the course of and arising out of his employment with that employer."
{¶ 8} The basic purpose of workers' compensation is to protect and provide a remedy for employees injured in the course of their employment. Section 35, Article II, Ohio Constitution; Bailey v. Republic Engineered Steels, Inc. (2001), 91 Ohio St.3d 38, 40-41; Village v. Gen. Motors Corp., G.M.A.D. (1984), 15 Ohio St.3d 129, 133; Guy v. Arthur H. Thomas Co. (1978), 55 Ohio St.2d 183, 186. To accomplish that purpose, the workers' compensation legislation balances the rights and duties of employers and employees by striking a bargain between them.
{¶ 9} As part of the "balance," employer participation in the workers' compensation system is generally compulsory, and participating employers must comply with the provisions of the Workers' Compensation Act. R.C. 4123.01(B)(2). One provision of the Act, R.C. 4123.90, statutorily embodies a clear public policy that employers not retaliate against employees who exercise their statutory right to file a workers' compensation claim or pursue workers' compensation benefits. Bryant v. Dayton Casket Co. (1982), 69 Ohio St.2d 367, 371, 374; Boyd v. Winton Hills Med. Health Ctr., Inc. (1999), 133 Ohio App.3d 150, 161; Vince v. Parma Comm. Gen. Hosp. (Jan. 21, 1988), Cuyahoga App. No. 53180 ("The laudable objective of this provision is that employees may not be intimidated from recovering for their injuries by the fear of reprisals by their employer, up to and including discharge from employment"). If an employer does retaliate against an employee by discharging the employee for filing or pursuing a workers' compensation claim, R.C. 4123.90
provides a basis for the employee to bring an action for retaliatory discharge.
{¶ 10} The scope of the statute is nevertheless narrow, and R.C.4123.90 does not prevent an employer from discharging an employee who is unable to perform his or her duties. Employees who have filed for workers' compensation benefits may be discharged for just and lawful reasons. The statute protects only against termination in direct response to the filing or pursuit of a workers' compensation claim. Markham v. Earle M. Jorgensen Co. (2000), 138 Ohio App.3d 484, 493; Russell v. Franklin Cty. Auditor (Sept. 28, 1999), Franklin App. No. 98AP-1502, citing Barker v. Dayton Walther Corp. (1989), 56 Ohio App.3d 1, 3.
{¶ 11} In examining the requirements for establishing a retaliatory discharge claim in other contexts, the courts of this state have held a plaintiff must first establish a prima facie case by showing (1) he or she engaged in an activity protected by statute or public policy, (2) he or she was subject to some adverse employment action, and (3) a causal link existed between the protected activity and the adverse action. Brentlinger v. Highlights for Children (2001), 142 Ohio App.3d 25,36 (involving discharge of employee after employee complained of sexual harassment); Neal v. Hamilton Cty. (1993), 87 Ohio App.3d 670, 677-678,681 (involving retaliatory discharge for filing discrimination and workers' compensation claims).
{¶ 12} If the plaintiff establishes his or her prima facie case, then the burden of production shifts to the employer to articulate a legitimate, nonretaliatory reason for its action. If the employer succeeds in doing so, the burden shifts back to the employee to show that the employer's proffered reason is a mere pretext. See, also, Jackson v. RKO Bottlers of Toledo, Inc. (C.A.6, 1984), 743 F.2d 370, 374-375, and cases cited therein. This court applied the foregoing test to an R.C.4123.90 claim. See Sidenstricker v. Miller Pavement Maintenance, Inc. (Oct. 25, 2001), Franklin App. No. 00AP-1146.
{¶ 13} Here, defendant premised its summary judgment motion on its having terminated plaintiff's employment because plaintiff was absent from work for a period of time longer than allowed under defendant's medical leave policy. Defendant supported its motion with the deposition of plaintiff, including two exhibits from plaintiff's deposition. The first exhibit is a letter dated December 24, 1998, explaining defendant's medical leave policy was determined by the attending physician's statement, but could not exceed one year. The letter further noted defendant's records indicated plaintiff's medical leave would expire on January 29, 1999. The second exhibit is a letter, dated February 1, 1999, advising plaintiff her employment was terminated on January 29, 1999, because her medical leave expired that day.
{¶ 14} Plaintiff responded by asserting defendant assigned her a rehabilitation nurse with whom plaintiff fully cooperated, including undergoing a rehabilitation assessment at NovaCare. According to plaintiff, the assessment revealed plaintiff could return to work with restrictions, so plaintiff's doctor requested a list of potential jobs from defendant to enable the doctor to determine which jobs plaintiff could perform. Defendant refused to provide the information. Plaintiff asserts the rehabilitation nurse also attempted to obtain the job information through a visit to the work site. Defendant refused her permission, even though plaintiff was ready to return to work in some capacity. All the while, defendant contested plaintiff's attempts to have her claim allowed in the workers' compensation system.
{¶ 15} Plaintiff supported her contentions with her own affidavit, which opined that defendant's actions were part of its discrimination against her. Attached to her affidavit were doctor's notes, an assessment from NovaCare, and documents from plaintiff's workers' compensation proceedings. Defendant responded with a reply memorandum in support of its summary judgment motion, as well as a motion to strike portions of plaintiff's affidavit and the supporting documents that violated Civ.R. 56(E).
{¶ 16} The trial court granted, in part, defendant's motion to strike. Specifically, the trial court struck those portions of plaintiff's affidavit that stated (1) plaintiff's doctor requested job descriptions from defendant, (2) plaintiff's rehabilitation nurse requested permission to visit the work site to review jobs and determine if plaintiff could perform any of them, and (3) plaintiff's doctor was ready to permit plaintiff to return to work. Because those statements were not within plaintiff's "personal knowledge," as required by Civ.R. 56(E), the trial court determined they were not properly in plaintiff's affidavit, but should have been submitted through affidavits from the doctor or nurse. Moreover, the court struck the doctor's notes and the physical evaluation attached to plaintiff's affidavit, concluding those documents should have been supported by affidavits of persons with personal knowledge of the reports. With that decision, plaintiff's evidence was reduced to her contention she was injured on the job, she had a rehabilitation nurse assigned to her, and defendant contested her workers' compensation claim.
{¶ 17} Plaintiff's evidence is insufficient to withstand defendant's summary judgment motion. R.C. 4123.90 "does not prevent an employer from discharging an employee who is unable to perform his duties; it merely prevents an employer from discharging an employee because the employee pursues a workers' compensation claim." Barker, supra. "If the company policy is neutral in its application, the correlation between the timing of the discharge and the claim is not sufficient to meet the burden of proof." Metheney v. Sajar Plastics, Inc. (1990), 69 Ohio App.3d 428, 432. As a result, an employee's termination under an employer's medical leave policy is not considered a retaliatory discharge if the company policy is neutral in its application. Id.
{¶ 18} Here, even if plaintiff's remaining evidence sets forth a prima facie case under R.C. 4123.90, defendant's evidence presented a neutral reason for terminating plaintiff's employment with defendant. In her deposition, plaintiff stated she was never able to go back to work, and acknowledged documents from her doctor indicating she could not return to work. She further acknowledged that, at the time of her termination from defendant's employ, her doctor refused to release her to work, and as far as she knew his opinion continued to be she could not return to work. Because she did not return to work, her absence from the work place exceeded the time allowed under defendant's medical leave policy, and defendant terminated her employment. Moreover, no evidence suggests defendant has one policy for workers injured on the job, and another for those whose debilitating injury or illness occurs elsewhere. Because plaintiff's evidence does not show defendant's reason for terminating plaintiff's employment is pretext, she has failed to meet her burden under R.C. 4123.90. The trial court properly granted defendant's summary judgment motion.
{¶ 19} Accordingly, plaintiff's single assignment of error is overruled and the judgment of the trial court is affirmed.
Judgment affirmed.
BOWMAN, J., and TYACK, P.J., concur.