610 F.Supp. 757 (1985)
Edward JOHNSON, Plaintiff,
v.
HUSSMANN CORPORATION, Defendant.
No. 85-0472C(3).
United States District Court, E.D. Missouri, E.D.
May 28, 1985.
*758 Charles Schroeder, Beck, Tiemeyer & Zerr, St. Charles, Mo., for plaintiff.
Kohn, Shands, Elbert, Gianoulakis & Giljum, Mark J. Bremer and Robert A. Useted, St. Louis, Mo., for defendant.

MEMORANDUM
HUNGATE, District Judge.
This matter is before the Court on plaintiff's motion to remand to state court and defendant's motion for summary judgment and to dismiss.
Plaintiff brings this action alleging that he was discharged from his employment by defendant in retaliation for plaintiff's exercise of a right conferred upon him by Missouri's workers' compensation law. Plaintiff seeks to have this case remanded to state court because his action arises under state law. Defendant contends that plaintiff's claim arises under § 301 of the Labor Management Relations Act, 29 U.S.C. § 185, which preempts state law invoked to regulate activity that is the subject of a collective bargaining agreement and, as a result, this action is properly removed to federal court.
Until recently, the weight of authority may have appeared to support plaintiff's position that his action for retaliatory discharge under state workers' compensation statutes was not preempted by the federal labor law. Both the Ninth and the Tenth Circuit Courts of Appeals had held that suits alleging wrongful termination in violation of state public policy are not preempted or precluded by the grievance and arbitration clauses of collective bargaining agreements. See, e.g., Peabody Galion v. Dollar, 666 F.2d 1309 (10th Cir. 1981) (action for retaliatory discharge for pursuing workers' compensation not preempted); Garibaldi v. Lucky Food Stores, Inc., 726 F.2d 1367 (9th Cir.1984), cert. denied, ___ U.S. ___, 105 S.Ct. 2319, 85 L.Ed.2d 839 (1985) (claim of retaliatory discharge for reporting state health law violations not preempted); compare Lamb v. Briggs Mfg., a Div. of Celotex Corp., 700 F.2d 1092 (7th Cir.1983) (under Illinois law, a state claim for retaliatory discharge for pursuing workers' compensation not available to employees covered by collective bargaining agreements). However, last month in Allis-Chalmers Corp. v. Lueck, ___ U.S. ___, 105 S.Ct. 1904, 85 L.Ed.2d 206 (1985), the Supreme Court found a Wisconsin tort law action for bad faith handling of an insurance claim was preempted by the federal labor law. The Court concluded that state law rights and obligations that do not exist independently of collective bargaining agreements are preempted by those agreements. The Court further reasoned that an action that permits an individual to sidestep the available grievance and arbitration procedure eviscerates a central tenet of federal law. Id. 105 S.Ct. at 1916.
The issue raised by plaintiff in this case is whether or not he was properly discharged. The parties' collective bargaining agreement contains a grievance and arbitration procedure by which plaintiff and other of defendant's employees may challenge the propriety of a decision *759 by defendant to terminate their employment. It can be fairly said that the relationship between employer and employee that is the subject of the collective bargaining agreement is also the basis for the tort of retaliatory discharge under Missouri law. "If the state tort law purports to define the meaning of the contract relationship, that law is pre-empted." Id. at 1912. See also Moore v. General Motors Corp., 739 F.2d 311, 315 (8th Cir.1984), cert. denied, ___ U.S. ___, 105 S.Ct. 2320, 85 L.Ed.2d 839 (1985). Therefore, because the Missouri law in this case is related directly to and affects the contractual relationship between the parties, it is preempted by the federal law. Accordingly, plaintiff's motion to remand will be denied.
Plaintiff was discharged from his employment on February 7, 1984. This action was commenced in the Circuit Court of St. Louis County on January 25, 1985. In § 301 cases such as this, the applicable statute of limitations is six months. 29 U.S.C. § 160(b). More than six months have elapsed since the alleged violation. Therefore, plaintiff's claim is time-barred. Accordingly, defendant's motion to dismiss will be granted.