John **HUGHES, Plaintiff,**

v.

**PITTSBURGH TESTING LAB, Commonwealth Edison, and Hatfield Electric Company, Defendants.**

No. 84 C 20100.

United States District Court,
N.D. Illinois, W.D.

June 17, 1985.

Joseph Spiezer, Rockford, Ill., for plaintiff.

Michael I. Miller, Isham, Lincoln & Beale, Jill A. Goldy, Seyfarth, Shaw, Fairweather & Geraldson, Chicago, Ill., and Peter DeBruyne, DeBruyne & Roman, Rockford, Ill., for defendants.

1. Alleging an agency relationship, plaintiff also joined Commonwealth Edison and Hatfield

## ORDER

ROSZKOWSKI, District Judge.

### BACKGROUND

Plaintiff, a union member covered at all times relevant to this action by a collective bargaining agreement, brought this diversity suit for retaliatory discharge against his former employer, Pittsburgh Testing Lab ("PTL").[1]  On February 15, 1985, this court entered an order dismissing plaintiff's complaint for failure to state a cause of action. Based on *Lamb v. Briggs Mfg.*, 700 F.2d 1092 (7th Cir.1983), this court held that the Illinois tort action for retaliatory discharge was only available to at-will employees. As a union employee, plaintiff was required to pursue the remedies provided him under the applicable collective bargaining agreement prior to bringing suit in federal court.

Subsequent to the dismissal, this court was informed of the Illinois Supreme Court decision in *Midgett v. Sackett-Chicago, Inc.*, 104 Ill. 143, 85 Ill.Dec. 475, 473 N.E.2d 1280 (1984), in which that court held that the Illinois common law remedy for retaliatory discharge was available to union employees such as plaintiff as well as non-union, at-will employees.  Based on *Midgett*, on February 28, 1985, this court vacated its earlier order dismissing plaintiff's case.

Based on the April 16, 1985, United States Supreme Court decision in *Allis-Chalmer Corp. v. Lueck*, —— U.S. ——, 105 S.Ct. 1904, 85 L.Ed.2d 206 (1985), this court is now convinced that its original order dismissing plaintiff's case was correct.  Defendants' motions to dismiss plaintiff's complaint are therefore granted.

### DISCUSSION

*Lueck*, like the instant case, involved a union member plaintiff covered by a collective bargaining agreement.  Plaintiff Lueck's collective bargaining agreement incorporated by reference a group health and disability insurance plan.  Lueck's collec-

Electric Company as defendants.

tive bargaining agreement established a four-step grievance procedure for general grievances which culminated in final and binding arbitration. The parties to the collective bargaining agreement were also bound by a separate letter agreement to a three-part procedure for disability grievances. These disability grievances, like general grievances, also ultimately culminated in binding arbitration under the collective bargaining agreement.

In July of 1981 Lueck suffered a non-occupational back injury and filed a disability claim in accordance with the group insurance procedure. The insurance company approved the claim and began making payments. According to Lueck, however, his employer on numerous occasions ordered the insurance company to cut off his payments. Following each termination, Lueck would question the action and his benefits would be restored.

When Lueck had had enough of these shenanigans, he filed suit against his employer and the insurer in Wisconsin state court. Lueck's suit alleged the state tort of bad faith handling of an insurance claim. Lueck never attempted to grieve his dispute under the procedures established by the letter agreement or the collective bargaining agreement.

On motion of the defendants, the Wisconsin trial court dismissed Lueck's state law claim as being pre-empted by § 301 of the Labor Management Relations Act of 1947 ("LMRA"), 29 U.S.C. § 185(a). The Wisconsin Court of Appeals affirmed on different grounds. The Supreme Court of Wisconsin, however, reversed. The Supreme Court held that Lueck's claim was one that arose under state, not federal, law. Noting that the bad faith insurance tort was one of substantial significance to the State of Wisconsin, "which has assumed a longstanding policy responsibility for assuring the prompt payment of disability claims," 105 S.Ct. at 1909, the Wisconsin Supreme Court determined that Lueck's state-law tort claim a was not pre-empted by § 301.

The United States Supreme Court granted certiorari in the case and reversed.

The unanimous *Lueck* Court spent a considerable portion of its opinion determining whether the Wisconsin tort action for breach of the duty of good faith as applied to Lueck conferred a non-negotiable state law right on employers or employees independent of any right established by the collective bargaining contract or, whether evaluation of the tort claim was "inextricably intertwined" with consideration of the meaning of the terms of the collective bargaining contract. If the statelaw claim was not independent of the collective bargaining agreement but rather purported to define the meaning of the contract relationship, then "that law [was] pre-empted" by § 301. 105 S.Ct. at 1912.

The *Lueck* Court determined that the Wisconsin good faith tort was, under the facts of the case, pre-empted. The Court first noted that the extent of the duty to pay and the implied duty to act in good faith were both ultimately dependent upon the terms of the collective bargaining agreement and thus "tightly bound with questions of contract interpretation that must be left to Federal Law." 105 S.Ct. at 1914. This conclusion was buttressed by the fact that in Wisconsin the good faith duty devolved upon the insurer by reasonable implication from the express terms of the contract which necessarily invites a consideration of the contract itself. *Id.* More importantly to the instant case, the *Lueck* Court found:

> [a] final reason for holding that Congress intended § 301 to pre-empt this kind of derivative tort claim is that only that result preserves the central role of arbitration in our "system of industrial self-government".

*Id.* at 1915 (quoting *Steelworkers v. Warrior & Gulf Navigation Co.*, 363 U.S. 574, 80 S.Ct. 1347, 4 L.Ed.2d 1409 (1960)). Had *Lueck* brought a contract claim pursuant to § 301, he would have been first required to exhaust the arbitration procedures established in the letter agreement and collective bargaining agreement. The parties to the agreements—the employer and union, and by implication, union members

**56**

such as Lueck—had agreed that "a neutral arbitrator [w]ould be responsible, in the first instance for interpreting the meaning of their contract. Unless this suit is pre-empted, their federal right to decide who is to resolve contract disputes [would] be lost." *Id.* The court concluded that:

> [s]ince nearly any alleged willful breach of contract can be restated as a tort claim for breach of a good faith obligation under a contract, the arbitrator's role in every case could be bypassed easily if § 301 is not understood to pre-empt such claims. Claims involving vacation or overtime pay, work assignment, *unfair discharge*—in short, the whole range of disputes traditionally resolved through arbitration—could be brought in the first instance in state court by a complaint in tort rather than contract.

*Id.* at 1915–16 (emphasis added) This result was determined improper since it would "eviscerate a central tenet of federal labor-contract law under § 301 that it is the arbitrator, not the court who has the responsibility to interpret the labor contract in the first instance." *Id.* at 1916.

While *Lueck* considered the state tort of unfair discharge (or retaliatory discharge) only in dicta, the decision clearly mandates that § 301 likewise pre-empt that type of tort action for union employees covered by a collective bargaining agreement. The union employees right to be discharged only for just cause is one central to the whole of federal labor law and thus an integral part of any collective bargaining agreement. The parties to a collective bargaining agreement devote considerable time and effort determining what will constitute just cause. Even more than the good faith tort at issue in *Lueck,* the state tort of retaliatory discharge requires definition of the meaning of the collective bargaining agreement. It is the arbitrator—the contractually agreed upon neutral decision maker—who must in the first instance decide the dispute. *See also Vantine v. Elkhart Brass Mfg. Co., Inc.,* 762 F.2d 511 at 517 (7th Cir.1985); *Oglesby v. RCA Corp.,* 752 F.2d 272 (7th Cir.1985).

It is clear, then, that despite plaintiff's attempt to classify the instant case as a diversity case brought under the Illinois common-law retaliatory discharge tort, it is actually a labor dispute governed by § 301. The collective bargaining agreement covering plaintiff provided for a grievance procedure culminating in binding arbitration. Plaintiff's tort claim is thus pre-empted by federal labor law. Having failed to avail himself of the contractual grievance procedures established in his collective bargaining agreement, plaintiff's claim is thus not properly before this court and must be dismissed.