**Jonna T. LINGLE, Plaintiff,**

v.

**NORGE DIVISION OF MAGIC CHEF, INC., a Delaware Corporation, Defendant.**

**Civ. No. 85–4426.**

United States District Court,
S.D. Illinois,
Benton Division.

Oct. 9, 1985.

Freddy L. Shapiro, Murphysboro, Ill., for plaintiff.

R. Michael Kimmel, Gilbert, Kimmel, Huffman & Prosser, Carbondale, Ill., for defendant.

---

## MEMORANDUM AND ORDER

FOREMAN, Chief Judge:

Before the Court is defendant's Motion to Dismiss for lack of jurisdiction and plaintiff's response thereto.

This one count complaint for retaliatory discharge was originally brought in State Court. Plaintiff claims that she was terminated from her job by the defendant for exercising her rights under the Illinois Workers' Compensation Act. *Ill.Rev.Stat.* ch. 48, § 138.1 *et seq.* Defendant argues that plaintiff's claim is governed by a collective bargaining agreement requiring grievance and arbitration of the dispute, and that under the National Labor Relations Act (LMRA), any state law remedies which plaintiff may have are preempted. The Court agrees with the defendant.

In determining the issue of preemption, this Court is guided by the recent United States Supreme Court decision in *Allis-Chalmers Corp. v. Lueck*, — U.S. —, 105 S.Ct. 1904, 85 L.Ed.2d 206 (1985). In *Allis-Chalmers* the Court was faced with the issue of whether the tort of handling an insurance claim in bad faith was preempted by § 301 of the LMRA[1] where the plaintiff was subject to a collective bargaining agreement providing for certain grievance procedures. In making its determination, the Court set out certain guidelines for courts to follow when faced with similar issues regarding the preemptive effect of § 301. One policy which the Court was concerned with effectuating was the need for uniform federal interpretation of contract phrases found in collective bargaining agreements. As stated by the Court, issues relating to "what the parties to a labor contract agreed, and what legal consequences were intended to flow from breaches of that agreement" should be resolved by a uniform body of federal law. 105 S.Ct. at 1911. If the tort claim is "inextricably intertwined with consideration of the terms of the labor contract" or "purports to define the meaning of the contract relationship" then that tort is preempted. *Id.* at 1912.

The Illinois Supreme Court has recognized a tort for retaliatory discharge despite the existence collective bargaining agreement provisions mandating grievance and arbitration of disputed discharges. *Midgett v. Sackett-Chicago, Inc.*, 105 Ill.2d 143, 85 Ill.Dec. 475, 473 N.E.2d 1280 (1984). The Illinois Court did not address the issue of preemption, however, noting that it was not raised in the trial or appellate courts. *Id.* 85 Ill.Dec. at 480, 473 N.E.2d at 1285.

Applying the standards announced by the Court in *Allis-Chalmers*, it is abundantly clear that the plaintiff's claim is preempted. There can be little doubt that plaintiff's claim for retaliatory discharge is "inextricably intertwined" with the collective bargaining provision prohibiting wrongful discharge or discharge without just cause. It is equally clear that such a tort claim would effect the "legal consequences [which] were intended to flow from breaches of [the] agreement." The parties have agreed to abide by the orderly mechanism for grievance of wrongful discharge claims as set out in the collective bargaining agreement. Allowing an independent tort action for retaliatory discharge would undermine the mutually agreed upon procedures provided for in that agreement. *See Midgett*, 85 Ill.Dec. at 481–82, 473 N.E.2d at 1286–87 (Ryan, J., dissenting). Recovery of punitive damages is also a possibility where plaintiff brings an action for retaliatory discharge. Such extraordinary damages clearly are not legal consequences which were intended to flow from the breach of the agreement. Thus, this Court holds that plaintiff's claim for retaliatory discharge is preempted by § 301 of the LMRA.[2] *Accord Johnson v.*

---

1. Section 301 of the LMRA provides:

   Suits for violations of contracts between an employer and a labor organization representing employees in an industry affecting commerce ... may be brought in any District Court of the United States having jurisdiction of the parties. 29 U.S.C. § 185(a).

2. The Court believes the Seventh Circuit Court of Appeals is in accord on this issue. In *Jackson v. Consolidated Rail Corp.*, 717 F.2d 1045 (7th

*Hussmann Corporation,* 610 F.Supp. 757 (E.D.Mo.1985).

Since plaintiff's claim is essentially a § 301 claim, the Court finds dismissal is required due to plaintiff's failure to exhaust his administrative remedies. *Republic Steel Corporation v. Maddox.* 379 U.S. 650, 85 S.Ct. 614, 13 L.Ed.2d 580 (1965). The grievance/arbitration provisions of the collective bargaining agreement provide the exclusive procedure for resolving disputes between the parties. There is no indication that the union has breached its duty of fair representation in this matter, (*See Republic Steel,* 379 U.S. at 652, 85 S.Ct. at 616.) or that plaintiff's claim falls within any other exception to the exhaustion rule. *See D'Amato v. Wisconsin Gas Co.,* 760 F.2d 1474, 1488–89 (7th Cir.1985).

Accordingly, defendant's Motion to Dismiss is hereby GRANTED. Plaintiff's complaint is hereby DISMISSED.

IT IS SO ORDERED.

Cir.1983) the Court held that the exclusive administrative remedies established by the Railway Labor Act preempted any State Court action for retaliatory discharge. More recently the Court dispelled any notion that Railway Labor Act has a greater preemptive effect than the LMRA where the contract establishes a grievance and arbitration remedy. *Lancaster v. Norfolk and Western Railway Company,* 773 F.2d 807, 816 (7th Cir.1985).