**Roger CLARK, et al., Plaintiffs,**

v.

**MOMENCE PACKING COMPANY, Defendant.**

Nos. 85–2254 to 85–2258.

United States District Court, C.D. Illinois.

Nov. 21, 1985.

Steven H. Wise, Copeland, Finn & Fieri, Ltd., Chicago, Ill., for plaintiffs.

Marc Pekay, Chicago, Ill., and Roger C. Elliott, Elliott & McClure, Momence, Ill., for defendant.

## ORDER

BAKER, Chief Judge.

These cases come before the court on defendant's motions to dismiss and plaintiffs' motions to reconsider the order denying remand to state court. These cases were originally filed in state court. Each of the complaints set forth a claim for the Illinois tort of retaliatory discharge. The defendant, Momence Packing Company, removed these cases to federal court on the grounds that each presented a claim under section 301 of the Labor Management Relations Act of 1947 ("LMRA"), 29 U.S.C. § 185(a). This court, on September 16, 1985, found that removal was proper because the complaints presented claims under the LMRA. The court reserved ruling

on the motions to dismiss pending further briefing and argument which took place October 30, 1985. A threshold issue determines the fate of these five cases in federal court. The court must decide whether the Illinois tort of retaliatory discharge is preempted by federal labor law, specifically, section 301 of the LMRA, 29 U.S.C. § 185(a).[1]

The facts relevant to all five cases are as follows. The plaintiffs were employees of Momence Packing Company. All were or are members of the union bargaining unit represented by United Food and Commercial Workers, Local 546. All of the plaintiffs were discharged by Momence Packing Company allegedly after filing worker's compensation claims. A collective bargaining agreement which was signed by Momence Packing Company and the plaintiffs' union representatives was in effect at the time each was discharged. This collective bargaining agreement included a provision prohibiting discharge without "good and sufficient" cause. The exact language of this prohibition is: "[n]o members shall be discharged because of absence resulting from proven illness nor without good and sufficient cause." Section 4(c). The collective bargaining agreement also requires that all disputes arising under the terms of the agreement be resolved in binding arbitration. Section 8.

A resolution of the question before the court requires a close look at the recent Supreme Court decision *Allis-Chalmers Corporation v. Lueck*, 471 U.S. 202, 105 S.Ct. 1904, 85 L.Ed.2d 206 (1985). In *Allis-Chalmers*, the Supreme Court determined that a state tort action for the bad faith denial of an insurance claim was preempted by section 301 of the LMRA. The plaintiff Lueck was a member of a bargaining unit subject to a collective bargaining agreement which provided for certain grievance procedures. Lueck filed suit in state court against his employer, Allis-Chalmers, and

its insurer, alleging bad faith in the handling of his claim under a disability plan included in the collective bargaining agreement. The defendants challenged the state court action on the grounds that it was preempted by federal labor law and urged dismissal for failure to exhaust the grievance procedures as required by section 301 of the LMRA. The Wisconsin Supreme Court rejected the employer's argument and ruled that Lueck's claim was an "independent tort" not preempted by federal labor law. The United States Supreme Court reversed the state court, holding that the tort action was preempted and dismissed for the failure to exhaust grievance procedures. The Court set forth a test for determining whether a state tort action is preempted by section 301 of the LMRA:

> We do hold that when resolution of a state-law claim is substantially dependent upon analysis of the terms of an agreement made between the parties in a labor contract, that claim must either be treated as a § 301 claim . . ., or dismissed as preempted by the federal labor-contract law.

471 U.S. 202, ——, 105 S.Ct. 1904, 1916, 85 L.Ed.2d 206, 221 (1985) (citations omitted). This language must be applied to the Illinois tort of retaliatory discharge.

The state court action of retaliatory discharge was judicially created in the Illinois Supreme Court decision, *Kelsay v. Motorola, Incorporated*, 74 Ill.2d 172, 23 Ill.Dec. 559, 384 N.E.2d 353 (1978). The court ruled that there was a remedy in tort for employees who were discharged in retaliation for filing worker's compensation claims. Very recently, the Illinois Supreme Court extended the tort of retaliatory discharge to include claims by unionized employees. *Midgett v. Sackett-Chicago, Inc.*, 105 Ill.2d 143, 85 Ill.Dec. 475, 473 N.E.2d 1280 (1984). The Court ruled that the tort action should be completely independent

1. Section 301 of the LMRA provides: "Suits for violation of contracts between an employer and a labor organization representing employees in an industry affecting commerce . . . may be brought in any District Court of the United States having jurisdiction of the parties, without respect to the amount in controversy or without regard to the citizenship of the parties." 29 U.S.C. § 185(a).

from the remedies available under the collective bargaining agreement; it rejected the argument that the tort claim is essentially a claim for breach of the collective bargaining agreement.

We consider, however, that in order to provide a complete remedy it is necessary that the victim of a retaliatory discharge be given an action in tort, independent of any contract remedy the employee may have based on the collective bargaining agreement.

105 Ill.2d at 149, 85 Ill.Dec. 475, 473 N.E.2d 1280. *Cf.* 105 Ill.2d at 155, 85 Ill.Dec. 475, 473 N.E.2d 1280. (Moran J., dissenting.)

There is no doubt the majority of the Illinois Supreme Court intended that this remedy be available to union employees. The Illinois Supreme Court did not use the term preemption in its discussion, but its analysis clearly rejects a conclusion that the tort of retaliatory discharge is preempted by the federal labor laws. However, the United States Supreme Court in *Allis-Chalmers* declared that a similar conclusion by the Wisconsin Supreme Court was an "assumption about the scope of the contract provision which it had no authority to make under state law." 471 U.S. at ——, 105 S.Ct. at 1912. The Court found instead that the Wisconsin state tort claim was "inextricably intertwined with the considerations of the terms of the labor contract," and was therefore preempted. 471 U.S. at ——, 105 S.Ct. at 1914, 85 L.Ed.2d at 216. It is impossible to avoid a similar conclusion about the Illinois Supreme Court's statements in *Midgett.*

The tort of retaliatory discharge requires only two allegations. The plaintiff must allege a retaliatory discharge and that the discharge violated a clear public policy. Any state court consideration of a retaliatory discharge claim involves an inquiry into the cause for the discharge. A successful plaintiff must prove that his or her discharge was due solely to the filing of a worker's compensation claim. Such an investigation is "inextricably intertwined with consideration of the terms of the labor contract;" in that, the Momence collective bargaining agreement requires "good and sufficient cause" for a proper dismissal. Sections 4 and 8. The United States Supreme Court stated in *Teamsters v. Lucas Flour Company,* 369 U.S. 95, 82 S.Ct. 571, 7 L.Ed.2d 593 (1962) that the meaning given to the terms in collective bargaining agreements must be determined by federal law.

[T]he subject matter of section 301(a) "is peculiarly one that calls for uniform law".... The possibility that individual contract terms might have different meanings under state and federal law would inevitably exert a disruptive influence upon both the negotiation and administration of collective agreements. Because neither party could be certain of the rights which it had obtained or conceded, the process of negotiating an agreement would be made immeasurably more difficult by the necessity of trying to formulate contract provisions in such a way as to contain the same meaning under two or more systems of law which might some day be invoked in enforcing the contract. Once the collective bargain was made, the possibility of conflicting substantive interpretation under competing legal systems would tend to stimulate and prolong disputes as to its interpretation ... [and] might substantially impede the parties' willingness to agree to contract terms providing for final arbitral or judicial resolution of disputes.

*Id.* at 103–104, 82 S.Ct. at 576–77 (citations and footnotes omitted). For these reasons the Supreme Court in *Lucas Flour* and in *Allis-Chalmers* held that a suit in state court alleging a violation of a provision of a labor contract must be brought under section 301 and be resolved by reference to federal law. "A state rule that purports to define the meaning or scope of a term in a contract suit therefore is preempted by federal labor law." 471 U.S. at ——, 105 S.Ct. at 1910, 85 L.Ed.2d at 215.

■ The plaintiffs, however, have argued that the United States Supreme Court in *Allis-Chalmers* reaffirmed that state laws which create and enforce certain non-

contractual employee rights cannot be preempted because they may not be altered or waived by contract. These state laws may coexist with federal labor law. *See* 471 U.S. at ——, 105 S.Ct. at 1910, 85 L.Ed.2d at 215. The plaintiffs urge this court to rule that the right to sue in tort in state court is such an independent, noncontractual right conferred upon employees by the state. They misstate the right which avoids preemption; it is the right to file a worker's compensation claim without retaliation. This right may exist independently of any contractual obligations between unionized employees and their employers. *Midgett v. Sackett-Chicago, Inc.*, 105 Ill.2d 143, 85 Ill.Dec. 475, 473 N.E.2d 1280 (1984). However, the right to file worker's compensation claims is not the equivalent of a right to file a state tort claim for retaliatory discharge. A unionized employee must first present his claim of retaliatory discharge as a grievance. Federal law requires a unionized employee to exhaust contractually created grievance procedures before filing suit in a court for a discharge in violation of the collective bargaining agreement. *Republic Steel Corporation v. Maddox*, 379 U.S. 650, 85 S.Ct. 614, 13 L.Ed.2d 580 (1965). The right to file a worker's compensation claim is not altered or compromised by the federal preemption of the state tort action. A collective bargaining agreement cannot allow an employer to violate the Illinois statute prohibiting retaliation for filing a worker's compensation claim. Such a contract would be unenforceable. *Vantine v. Elkhart Brass Mfg.*, 762 F.2d 511 (7th Cir.1985) (Indiana statute prohibiting contracts which derogate right to collect benefits pursuant to Worker's Compensation Act construed).

■ The state tort claim for retaliatory discharge is preempted by federal labor law. The claims under section 301 of the LMRA, which the court recognized in the Order of September 16, 1985, are dismissed because of plaintiffs' failure to exhaust grievance procedures as required by *Republic Steel Corporation v. Maddox*, 379 U.S. 650, 85 S.Ct. 614, 13 L.Ed.2d 580 (1965). Additionally, the claims are dismissed for failure to comply with the six-month statute of limitations as required by *DelCostello v. Teamsters*, 462 U.S. 151, 103 S.Ct. 2281, 76 L.Ed.2d 476 (1983).

IT IS THEREFORE ORDERED that the defendant's motions to dismiss with prejudice are granted.

IT IS FURTHER ORDERED that the plaintiffs' motion to reconsider the order denying remand is denied.

The Clerk is directed to enter judgments accordingly.