**John L. SUTTON, Plaintiff,**

v.

**SOUTHWEST FOREST INDUSTRIES INC., Defendant.**

**Civ. A. No. 83–2263–S.**

United States District Court, D. Kansas.

Jan. 2, 1986.

David W. Hauber, Kenneth J. Reilly, Boddington & Brown, Kansas City, Kan., Elinor P. Schroeder, University of Kansas, School of Law, Lawrence, Kan., for plaintiff.

Glenn I. Carbaugh, House, Norton & Mattix, Overland Park, Kan., C. Michael Mattix, Charles House, House, Norton & Mattix, Kansas City, Mo., Douglas C. Beach, Overland Park, Kan., William R. McKibbon, Jr., Haynsworth, Baldwin, Miles, Johnson, Greaves & Edwards, P.A., Greenville, S.C., for defendant.

## MEMORANDUM AND ORDER

SAFFELS, District Judge.

This matter is before the court on defendant's application to approach jurors, motion to alter or amend judgment, and motion for judgment notwithstanding the verdict or motion for new trial.

Defendant seeks to approach jurors because of its belief that the verdict in favor of plaintiff is clearly contrary to the weight of the evidence. Defendant further asserts that the size of the verdict indicates misconduct and improper considerations on the part of the jury.

Rule 23a of the Rules of Practice of the United States District Court for the District of Kansas requires attorneys to refrain from approaching jurors who have completed a case unless authorized by the court. Authorization shall be granted when just cause is shown. Interviews of jurors by persons connected with a case are not favored except in extreme situations. *Stein v. New York*, 346 U.S. 156, 178, 73 S.Ct. 1077, 1089–99, 97 L.Ed. 1522 (1953).

To approach jurors in this case, defendant must make a strong showing of just cause, which it has failed to do. It follows

that defendant's application to approach jurors must be denied.

■ Next before the court is defendant's motion to alter or amend the judgment. In particular, defendant seeks remittitur. Defendant argues that both actual and punitive damages were excessive in this case. Where a verdict is excessive, that is, against the weight of the evidence, the court may order a remittitur and alternatively direct that there be a new trial if plaintiff refuses to accept it. *Holmes v. Wack*, 464 F.2d 86 (10th Cir.1972); Rule 59, Federal Rules of Civil Procedure.

Defendant argues for remittitur as to compensatory damages and states that the testimony of Dr. Morris that the economic loss of plaintiff between One Hundred Forty-Six Thousand Dollars ($146,000) and One Hundred Fifty Thousand Dollars ($150,000) was from a disability standpoint rather than from a termination standpoint. Defendant asserts that its evidence established that plaintiff had not been substantially harmed economically. Further, defendant argues that plaintiff's claims for embarrassment and humiliation were not proper damages in this cause of action and that the court's instructions did not provide proper guidance on the damage issue.

The court has reviewed the record and finds there was sufficient evidence to support the jury's award of compensatory damages. There is no showing that the award was excessive.

■ Defendant also objects to the jury's award of punitive damages and argues first that the size of the award was excessive, and second that the punitive damages issue should not have been submitted to the jury as this was not an appropriate case for the award of punitive damages. In the instant case, the court does not find the size of the punitive damages award to be shocking or excessive to merit reduction. Further, the court concludes that this was a proper case to be submitted to the jury on the issue of punitive damages. The Kansas Court of Appeals in *Murphy v. City of Topeka*, 6 Kan.App.2d 488, 630

P.2d 186 (1981), created an exception to the employee-at-will doctrine and allowed recovery for an employee who was discharged in retaliation for filing a workman's compensation claim. Defendant argues that the plaintiff in *Murphy* was an at-will employee, and since the plaintiff in the instant case was covered by a union contract, defendant was unaware that *Murphy* would be extended to apply to an employee covered by a contract. The court is not persuaded by this argument. *Murphy* was filed on June 19, 1981, and put employers on notice that discharging an employee in retaliation for filing workmens' compensation claims is actionable and will support an award of actual and punitive damages. Plaintiff in this case was fired over one year after this decision, long enough for defendant to be on notice of the rule and public policy favored in *Murphy*. Based on the foregoing, defendant's motion to alter or amend the judgment is denied.

Next before the court is defendant's motion for judgment notwithstanding the verdict or motion for new trial. In considering a motion for judgment notwithstanding the verdict, the evidence must be viewed in the light most favorable to the party against whom the motion is made. *Wilkins v. Hogan*, 425 F.2d 1022 (10th Cir.1970); Rule 50(b), Federal Rules of Civil Procedure. A judgment notwithstanding the verdict may not be granted unless the evidence points one way and is susceptible to no reasonable inference which may sustain the position of the party against whom the motion is made. *Symons v. Mueller Co.*, 493 F.2d 972 (10th Cir.1974). It is not the court's duty to weigh the evidence [*Wilkin v. Sunbeam Corp.*, 377 F.2d 344 (10th Cir.1967)], or to pass upon the credibility of witnesses [C. Wright and A. Miller, 9 *Federal Practice and Procedure* § 2527], or to substitute its judgment of the facts for that of the jury [*Swearngin v. Sears Roebuck & Co.*, 376 F.2d 637 (10th Cir.1967)].

The standard for granting a new trial is less rigorous than the standard for granting judgment notwithstanding the verdict. A decision to grant a new trial "involves an

element of discretion which goes further than the mere sufficiency of the evidence. It embraces all the reasons which inhere in the integrity of the jury system itself." *Tidewater Oil Co. v. Waller,* 302 F.2d 638, 643 (10th Cir.1962). A new trial is not in order unless the court finds that prejudicial error has entered the record or that substantial justice has not been done. *Seven Provinces Ins. Co., Ltd. v. Commerce & Industry Ins. Co.,* 65 F.R.D. 674 (W.D.Mo. 1975).

■ Defendant raises several points in its motion, the main ones being that the decision of *Murphy v. City of Topeka, supra,* does not extend to plaintiff because he is covered by a collective bargaining agreement, and further that this action is pre-empted by § 301 of the National Labor Relations Act [hereinafter NLRA], 29 U.S.C. 151, *et seq.* The court heard oral argument regarding these matters on December 6, 1985.

The court has previously dealt with these matters and concludes that the *Murphy* decision is applicable here. *Murphy* established a tort cause of action, and the fact that plaintiff was covered by a contract in this case has no bearing. The strong indication of public policy contained within the opinion supports the proposition that all employees are to be afforded the protection espoused in *Murphy.*

Defendant cites the recent case of *Allis-Chalmers v. Lueck,* 471 U.S. 202, 105 S.Ct. 1904, 85 L.Ed.2d 206 (1985), in support of its argument that this action is pre-empted by the NLRA. The United States Supreme Court in *Allis-Chalmers* found that a state tort claim against an employer for bad faith handling of an insurance claim was pre-empted by federal labor laws. The court found the issue before it to involve federal contract interpretation along with whether the employer's actions constituted breach of contract. Included within the court's reasoning was the consideration that under state law the tort is intrinsically related to the nature and existence of the contract. Any attempt to assess liability would inevitably involve contract interpre-

tation. The duties and the rights established through the state tort are therefore derived from the rights and obligations established by the contract. State law rights and obligations that do not exist independently of private agreements and which can be waived or altered by agreement of private parties are pre-empted by those agreements. The court held that

> ... when resolution of a state-law claim is substantially dependent upon analysis of the terms of an agreement made between the parties in a labor contract, that claim must either be treated as a § 301 claim ... or dismissed as pre-empted by federal labor-contract law....

471 U.S. at 202, 105 S.Ct. at 1907.

When reaching its decision, the court cautioned of the narrow focus of its conclusion. The court further stated:

> ... Nor do we hold that every state-law suit asserting a right that relates in some way to a provision in a collective-bargaining agreement, or more generally to the parties to such an agreement, necessarily is pre-empted by § 301....

*Id.,* 471 U.S. at 220, 105 S.Ct. at 1916.

The court is aware of the cases following the *Allis-Chalmers* decision which have found that claims of retaliation for the filing of workmens' compensation claims filed by employee's covered under a collective bargaining agreement were pre-empted by § 301 of the NLRA. *See Johnson v. Hussman Corp.,* 610 F.Supp. 757 (E.D.Mo. 1985); *Vantine v. Elkhart Brass Mfg. Co., Inc.,* 762 F.2d 511 (7th Cir.1985); and *Lingle v. Norge Div. of Magic Chef,* 618 F.Supp. 1448 (S.D.Ill.1985). However, the court respectfully declines to follow the holdings contained within these opinions.

A careful reading of the *Allis-Chalmers* decision indicates that it is inapplicable here. The case at bar involves the adjudication of a state tort which exists independent of any contractual relationship. Interpretation of the collective bargaining agreement is not involved when reaching a decision based on plaintiff's retaliatory discharge claim. The mere fact that the col-

lective bargaining agreement contains a provision prohibiting discharge without just cause does not bring these facts within its ambit. The state has a proper concern about the enforceability of its workmens' compensation laws and the remedy pursued by plaintiff in no way conflicts with the collective bargaining agreement or the NLRA. There is no danger of interference with federally-protected activity. The court finds the decision of the Tenth Circuit Court of Appeals in *Peabody Galion v. Dollar*, 666 F.2d 1309 (10th Cir.1981), which stands for the proposition that discharge for filing workmens' compensation claims is not subject to either protection or prohibition by the NLRA because it has nothing to do with union organization or collective bargaining, still to be controlling authority. Plaintiff's retaliatory discharge claim is in no way dependent upon the collective bargaining agreement. It follows that this action is in no way pre-empted by the NLRA. Defendant's exhaustion argument likewise must fail.

Defendant also argues that the evidence does not support the finding that plaintiff was fired solely in retaliation for filing a workman's compensation claim. Further, defendant argues that the evidence established that plaintiff was not threatened or coerced by defendant either before or after his workman's compensation claim was filed. The jury in this case was properly instructed in Instruction No. 11 to consider the motivating reason for plaintiff's discharge. *See Peabody Galion v. Dollar, supra.* Further, a review of the record indicates that plaintiff submitted sufficient evidence to go to the jury in support of his claim.

██ Defendant also argues that plaintiff's counsel's repeated references to unemployment proceedings improperly caused the jury to infer that since plaintiff prevailed at the administrative level he likewise should prevail at trial. The court finds this argument to be without merit. The statements made by plaintiff's counsel were not prejudicial, and, in the event they could result in prejudice, the jury was prop-

erly instructed in Instruction No. 10 regarding the differing burdens of proof in the two proceedings.

Another contention of error raised by defendant concerns the withdrawal of Dr. Prostic's report by plaintiff. The court has reviewed the record and finds no error to have been committed on this point.

Defendant also argues that it was error to admit any evidence concerning the discharge case of McFadden, one of defendant's employees. The record reflects no error on this point.

Another objection defendant raises concerns a comment made by the court during the cross-examination of defendant's expert witness, Dr. Miller. The court finds no prejudice to have resulted thereby. Further, in Instruction No. 3, the jury was properly instructed regarding rulings, remarks and actions taken by the court during trial.

Defendant also argues that plaintiff's closing argument was improper as it interjected counsel's personal beliefs and opinions regarding the evidence. The court finds this argument to lack merit. Further, Instruction No. 19 specifies that remarks of counsel are not to be regarded as evidence in the case.

Defendant also argues Instruction No. 4 exceeded the scope of the pre-trial order, failed to properly state the elements of plaintiff's cause of action, did not correctly state the law, included an improper element of damages and failed to properly state defendant's claim. The court has reviewed the record and finds these arguments to be without merit. Instruction No. 4 set out the claims and defenses of the parties. The jury was properly instructed regarding these issues. Additionally, Instruction No. 5 instructed the jury that Instruction No. 4 sets forth the claims of the parties and is not to be considered as evidence in the case.

Defendant objects to the exclusion of Instruction No. 12 which was originally proposed by the court. The court finds no error on that basis.

IT IS BY THE COURT THEREFORE ORDERED that defendant's application to approach jurors is hereby denied.

IT IS FURTHER ORDERED that defendant's motion to alter or amend judgment is hereby denied.

IT IS FURTHER ORDERED that defendant's motion for judgment notwithstanding the verdict or motion for new trial is hereby denied.