Deanna K. BENTON, Plaintiff,

v.

The KROGER CO., Defendant.

No. C.A. G–85–207.

United States District Court,
S.D. Texas,
Galveston Division.

Feb. 4, 1986.

See also, 640 F.Supp. 1317.

Mark W. Stevens, Galveston, Tex., for plaintiff.

John Eckel, Mills, Shirley, McMicken & Eckel, Galveston, Tex., for defendant.

### MEMORANDUM AND ORDER

HUGH GIBSON, District Judge.

Plaintiff, a former employee of Kroger, alleged that her discharge from employment constituted sex discrimination and retaliation for her claiming Workers' Compensation under state law. Plaintiff's sex discrimination claim was brought under Title VII of the Civil Rights Act, 42 U.S.C. § 2000e. Her claim of retaliatory discharge was based on Tex.Rev.Civ.Stat.Ann. art. 8307c. On October 24, 1985, this Court severed plaintiff's state claim from her Title VII claim, and placed the Title VII claim on the non-jury docket. Now pending before the Court are 1) defendant The Kroger Co.'s motion for partial summary judgment and 2) plaintiff's motion for rehearing of the Court's order of severance. The Court will address each motion separately.

### I. Defendant's Motion for Partial Summary Judgment

Art. 8307c of the Texas Revised Civil Statutes, commonly known as the Barbara Jordan amendment, prohibits an employer from punishing an employee for having filed a claim under the Texas Workers' Compensation Act, and gives the aggrieved employee the right to private relief. The Court has jurisdiction over plaintiff's article 8307c claim by virture of diversity.

The Collective Bargaining Agreement between Kroger and plaintiff's union provides that an employee can only be discharged for "proper cause," and establishes a grievance procedure which culminates in an arbitration proceeding. The plaintiff side-stepped the procedures provided by the union agreement and selected, instead, to prosecute her claim pursuant to art. 8307c. Kroger moved for partial summary judgment, contending that federal labor law preempts plaintiff's claim of retaliatory discharge. This Court disagrees.

The application of the preemption doctrine is a question of federal law, to be determined by balancing state and federal interests. *New York Telephone Co. v. New York State Department of Labor*, 440 U.S. 519, 99 S.Ct. 1328, 59 L.Ed.2d 553 (1979). A state statute would be presumptively preempted if it "concerns conduct that is *actually* or *arguably* either prohibited or protected" by federal law, *San Diego Building Trade Council v. Garmon*, 359 U.S. 236, 79 S.Ct. 773, 3 L.Ed.2d 775 (1959) (emphasis added). However, preemption does not apply when the state statute regulates conduct that is merely a peripheral concern of the Labor Management Relations Act, or touches upon interests so deeply rooted in local feelings and responsibility that, in the absence of compelling congressional direction, a court cannot infer that Congress has deprived the state of the power to act. *Peabody-Galion v. Dollar*, 666 F.2d 1309 (10th Cir.1981); *San Diego Bldg. Trades Council v. Garmon, supra* 359 U.S. at 243–244, 79 S.Ct. at 778–79. Similarly, the preemption doctrine does not apply where the state claim is grounded in state law prohibiting wrongful termination for public policy reasons, is distinct from any contractual remedy arising from labor-management relations, and poses no threat to the collective bargaining process. *Garibaldi v. Lucky Food Stores, Inc.*, 726 F.2d 1367 (9th Cir.1984), *cert. denied*, —— U.S. ——, 105 S.Ct. 2319, 85 L.Ed.2d 839. This Court finds that article

**58**

8307c falls within the exception to preemption articulated by *Peabody-Galion* and *Garibaldi. See Ruiz v. Miller Curtain Co., Inc.*, 29 S.Ct.J. 99 (Tex.1985); *Puchert v. Agsalud*, 677 P.2d 449 (Hawaii 1984), *app. dism. sub. nom.*, —— U.S. ——, 105 S.Ct. 2693, 86 L.Ed.2d 710 (1985).

■ The Legislature's purpose in enacting article 8307c was to protect persons entitled to Workers' Compensation benefits, and to prevent them from being discharged for having taken steps to collect such benefits. *Carnation Co. v. Borner*, 588 S.W.2d 814, 819 (Tex.Civ.App.—Houston [14th Dist.] 1979), *aff'd*, 610 S.W.2d 450, 453 (Tex.1981). The existence of a labor contract containing provisions for a grievance procedure does not operate as a matter of law to deny the individual employee his choice under a state statute expressing the state's public policy of protecting its Workers' Compensation system. *Carnation, Id. See also Midgett v. Lackett-Chicago, Inc.*, 105 Ill.2d 143, 85 Ill.Dec. 475, 473 N.E.2d 1280 (Ill.1984). Such a statute does not interfere with union organization or collective bargaining, and does not tend to conflict with federal labor law, *Peabody-Galion, supra.*[1]

## II. *Plaintiff's Motion for Rehearing*

Arguing that the Court's severance of her federal claim would collaterally estop her state claim, plaintiff urges this Court to consolidate her two separate causes of action, thereby providing her with a jury trial in the Title VII suit. The Court declines to do so.

■ Actions for reinstatement and back pay under 42 U.S.C. § 2000e-5 are by nature equitable and entail no right to a jury trial under the Seventh Amendment, *Lincoln v. Board of Regents of University System of Georgia*, 697 F.2d 928 (11th Cir.1983), *reh'g denied*, 705 F.2d 471, *cert. denied*, 464 U.S. 826, 104 S.Ct. 97, 78 L.Ed.2d 102. Section 2000e-5 itself refers to fact findings and injunctive action by "the Court." *See* 42 U.S.C. 2000e-5(g).

■ Generally, in a case involving both employment discrimination and violation of equal rights under § 1981, a jury trial may be awarded. *See Antieau, Federal Civil Rights Acts, Civil Practice*, 2d Ed., § 512, pp. 206–207 (1980 & Supp.1984) *and cases cited therein.* However, if the § 1981 claim is disposed of before trial, plaintiff has no right to jury trial solely on his title VII claim. *Ashagre v. Southland Corp.*, 546 F.Supp. 1214 (S.D.Tex.1982).

■ Similarly, a motion to strike plaintiff's jury demand has been denied where plaintiff's Title VII claim was joined with

---

**1.** Defendant Kroger relies heavily on *Allis-Chalmers Corp. v. Lueck*, 471 U.S. 202, 105 S.Ct. 1904, 85 L.Ed.2d 206 (1985). In *Allis-Chalmers*, the Supreme Court held that the preemption doctrine barred an employee from bypassing grievance procedures in order to pursue a state tort action for bad faith handling of an insurance claim. The union agreement in *Allis-Chalmers* incorporated the insurance plan and specified the procedures for resolving insurance disputes, 471 U.S. 202, 105 S.Ct. 1904, 85 L.Ed.2d 206. In holding that preemption applies, the Supreme Court stated that the right asserted by plaintiff was rooted in contract, could have been pleaded as an LMRA § 301 claim, and could only be resolved by an analysis of the terms of the collective bargaining agreement. 471 U.S. ————, 105 S.Ct. 1912–16. These factors do not exist in the case at bar. Although the union agreement in the instant case provides that the employer can only discharge employees for "proper cause", which arguably is broad enough to incorporate prohibition of re-

taliatory discharge, *see Herring v. Prince Foods*, 119 LRRM 3067 (D.N.J.1985), it can hardly be said that the resolution of plaintiff's state claim in the instant case is "substantially dependent upon analysis of the terms of an agreement made between the parties in a labor contract" *Allis-Chalmers, Id.* at ——, 105 S.Ct. at 1916. Furthermore, the Supreme Court has carefully emphasized the narrow focus of the *Allis-Chalmers* decision:

"... We pass no judgment on whether this suit also would have been pre-empted by other federal laws ... *Nor do we hold that every state-law suit asserting a right that relates in some way to a provision in a collective-bargaining agreement*, or more generally to the parties to such an agreement, *necessarily is pre-empted by § 301.* The full scope of the pre-emptive effect of federal labor-contract law remains to be fleshed out on a case-by-case basis."

(*Emphasis added.*) *Allis-Chalmers Id.* at ——, 105 S.Ct. at 1916.

other pendent state claims. *See Selbst v. Touche Ross & Co.*, 587 F.Supp. 1015 (S.D. N.Y.1984) (joinder of Title VII claim and a state claim for unlawful discriminatory practice); *Guyette v. Stauffer Chemical Co.*, 518 F.Supp. 521 (D.N.J.1981) (joinder of title VII claim and state claims of assault, battery, infliction of emotional distress, and interference with contractual relations). *See also Phillips v. Smalley Maintenance Services, Inc.*, 711 F.2d 1524 (11th Cir.1983) (joinder of Title VII and sexual harassment claims); *Goodman v. Board of Trustees of Community College*, 511 F.Supp. 602 (N.D.Ill.1981) (joinder of Title VII and breach of employment contract claims). These state claims, apparently, were the direct result of the employer's gender discriminatory motive and practice, over which a court can properly exercise pendent jurisdiction.

In contrast, the Court finds that plaintiff's state claim in the instant case does not meet the test to invoke this Court's discretionary exercise of pendent jurisdiction. Plaintiff contends essentially that she was fired for one or both of two illegal reasons: sex discrimination *or* retaliation for having claimed workers' compensation. Alleged incidents of sexual harrassment or gender bias were entirely separate from the circumstances surrounding plaintiff's back injury. These separate events can hardly be grouped as the "common nucleus of operative facts." Wright, Miller & Cooper, *Federal Practice & Procedure*, § 3567.1 (1984). The only connection between the two claims is the fact that the same witness will have to testify as to the defendant's state of mind in discharging plaintiff. That fact alone is insufficient to invoke pendent jurisdiction.

Plaintiff's joinder of claims in the instant case is also distinguishable from the joinder of Jones Act, unseaworthiness, and maintenance and cure claims in the admiralty context. Unlike plaintiff's claims in the case at bar, a seaman's claims typically arise out of one single transaction or accident, and are indeed one single claim based on a unitary set of circumstances, split conceptually into separate parts solely because of historical developments. *See Fitzgerald v. U.S. Lines*, 374 U.S. 16, 21, 83 S.Ct. 1646, 1650–51, 10 L.Ed.2d 720 (1962).

Plaintiff's collateral estoppel argument is likewise misplaced. The success of a Title VII claim depends on the three-step standard of proof established in *McDonnell-Douglass Corp. v. Green*, 411 U.S. 792, 802–04, 93 S.Ct. 1817, 1824–25, 36 L.Ed.2d 668 (1973). A finding against plaintiff in her Title VII case merely means that 1) plaintiff has failed to establish a prima facie case of sex discrimination, or 2) that defendant has successfully rebutted plaintiff's prima facie case; or finally, 3) that plaintiff has failed to prove pretext. *McDonnell-Douglass, Id.* The successful offer of evidence to destroy plaintiff's prima facie sex discrimination does not equate a finding that defendant's proffered reasons for firing plaintiff were true and exclusive. Nor does a finding that plaintiff fails to prove pretext eliminate a subsequent finding that defendant's reasons were a pretext for something else other than gender bias. Hence, collateral estoppel has no application to the subsequent trial of plaintiff's state claim. The Court will not condone the plaintiff's practice of joining unrelated claims and bootstrapping herself into the right to jury trial where no such right traditionally exists.

Accordingly, it is ORDERED, ADJUDGED and DECREED that defendant's motion for partial summary judgment and plaintiff's motion for rehearing be, and are hereby, DENIED.