**Eddie EDWARDS, Plaintiff,**

**v.**

**WESTERN MANUFACTURING, DIVISION OF MONTGOMERY ELEVATOR COMPANY; Montgomery Elevator Company; and Quinton Day, Defendants.**

**No. 86–1468–K.**

United States District Court, D. Kansas.

Aug. 13, 1986.

Beth Regier Foerster, Topeka, Kan., for plaintiff.

Otis Morrow, Arkansas City, Kan., Robert H. Brown, Chicago, Ill., for defendants.

### MEMORANDUM AND ORDER

PATRICK F. KELLY, District Judge.

This case is before the court on defendants' motion to dismiss Quinton Day for failure to state a claim and for fraudulent joinder, and to dismiss Montgomery Elevator Company and Western Manufacturing (collectively "Montgomery") for failure to state a claim or for summary judgment. Plaintiff originally filed this action for retaliatory discharge in state court. Plaintiff claimed he was terminated from his job by

---

defendants for exercising his rights under the Kansas Workmen's Compensation Act, K.S.A. 44–501 *et seq.* Defendants removed the case to this court claiming Edwards' state tort claim was preempted by § 301 of the Labor Management Relations Act (LMRA), 29 U.S.C. § 185(a). Alternatively, defendants argue this court has diversity jurisdiction as Quinton Day was fraudulently joined to destroy diversity. Plaintiff has now moved the court to remand the case to state court, and defendants have moved to dismiss the case upon removal. For reasons set forth below, the plaintiff's motion to remand is denied, and defendants' motion to dismiss is granted.

On December 8, 1983, plaintiff Eddie Edwards was injured in an accident in the course of his employment with defendants. Plaintiff received workmen's compensation temporary total benefits from defendants until April 19, 1984, when he settled his case for a lump sum payment of $7,650.00, based on 10% disability, with an additional time period to resume his original employment with defendants. According to the complaint, plaintiff's supervisor, Quinton Day, informed plaintiff that during his absence he need not call into work every three days in order to retain seniority as required by Art. VI, Sec. 10(f) of the Collective Bargaining Agreement in effect between the parties. Day instructed plaintiff to simply notify him the week before he was released to return to work. However, when plaintiff attempted to return to work on July 13, 1984, he was informed that he had been discharged as of April 19, 1984, due to his failure to report in every three days.

On April 18, 1986, plaintiff filed his complaint in the Cowley County, Kansas District Court, alleging he was intentionally fired in retaliation for filing and proceeding under his workmen's compensation claim. Plaintiff further alleged Montgomery was legally responsible for the acts of its agent, Quinton Day. Plaintiff prayed for reinstatement and damages in excess of $5,000.00. On June 2, 1986, defendants had the case removed to this court. Defendants then filed their motion to dismiss.

■ Defendants first argue that Quinton Day is not a necessary party in this action and was fraudulently joined to destroy diversity jurisdiction. Because the court finds the plaintiff's claim arises from the collective bargaining agreement between the parties, the state tort claim is preempted by federal law (LMRA § 301), giving this court subject matter jurisdiction. A plaintiff cannot avoid federal preemption by naming an individual supervisor as a defendant in an action arising from the collective bargaining agreement. *Hillard v. Dobelman,* 774 F.2d 886, 887 (8th Cir. 1985). Therefore, it is unnecessary for the court to address the issue of whether Quinton Day is a necessary party or was fraudulently joined for the purpose of determining if diversity jurisdiction exists. However, as the court espoused during oral arguments on this motion, defendant Day's acts were within the scope of his employment, and as such it is the company that is legally liable for his tortious acts. *See, e.g., Fletcher v. Wesley Medical Center,* 585 F.Supp. 1260, 1262 (D.Kan.1984). The plaintiff's reliance on *Murphy v. City of Topeka,* 6 Kan.App.2d 488, 630 P.2d 186 (1981), as authority that an employee may sue his supervisors for retaliatory discharge, is misplaced. In *Murphy,* it was alleged that the supervisors were acting willfully and wantonly. Thus, the court found they could not share in the governmental immunity of the employer, the City of Topeka. In the case at bar, Montgomery is not immune from the torts of its agent. Quinton Day is therefore not a necessary party to this action.

■ In his complaint, plaintiff failed to plead any facts regarding the "just cause" provision of the collective bargaining agreement, or that his termination was in violation of that agreement. However, defendants contend that plaintiff's retaliatory discharge claim is essentially a federal labor action under § 301 of the LMRA, 29 U.S.C. § 185(a), which provides:

(a) Suits for violation of contracts between an employer and a labor organiza-

tion representing employees in an industry affecting commerce as defined in this chapter, or between any such labor organizations, may be brought in any district court of the United States having jurisdiction of the parties, without respect to the amount in controversy or without regard to the citizenship of the parties.

Defendants argue that because under the collective bargaining agreement Edwards could not be discharged without "just cause," his complaint is really for a breach of the agreement. Plaintiff, on the other hand, contends this is a tort action for retaliatory discharge, which is not covered by the collective bargaining agreement and in which the state has a great interest, thus precluding its preemption by federal law.

In *Murphy v. City of Topeka*, 6 Kan. App.2d 488, 630 P.2d 186, the Kansas Court of Appeals recognized an exception to the at-will employment doctrine when an employee is discharged for exercising his rights under the workmen's compensation laws. The employee in *Murphy* was not covered by any sort of contract, including a collective bargaining agreement. 6 Kan. App.2d at 492, 630 P.2d 186. However, the court noted, "plaintiff's action clearly sounds in tort, and the mere existence of a contractual relationship between the parties does not change the nature of his action." 6 Kan.App.2d at 493, 630 P.2d 186. The court adopted this exception due to the important public policy interest in enforcing the workmen's compensation laws.

The Tenth Circuit Court of Appeals, in *Peabody Galion v. Dollar*, 666 F.2d 1309 (10th Cir.1981), held that an action for retaliatory discharge for filing a workmen's compensation claim was not preempted by the National Labor Relations Act. In *Peabody* the court relied on an Oklahoma statutory provision which prevented employers from discharging employees who filed workmen's compensation claims. The court stated, " ... the underlying activity that provoked the conduct complained of— that is, the filing of workmen's compensation claims under state law—has no tenden-

cy to conflict with the National Labor Relations Act or any federal labor law."

In *Sutton v. Southwest Forest Industries, Inc.*, 628 F.Supp. 1034 (D.Kan.1985), Judge Saffels—relying on *Peabody*—found that under Kansas law the tort of retaliatory discharge for filing a workmen's compensation claim is not preempted by the National Labor Relations Act because the action for retaliatory discharge furthers the state's interest in protecting the general public, and as such transcends the employment relationship as reflected in the collective bargaining agreement.

A similar result was reached by the Ninth Circuit in *Garibaldi v. Lucky Food Stores, Inc.*, 726 F.2d 1367 (9th Cir.1984), *cert. denied* — U.S. —, 105 S.Ct. 2319, 85 L.Ed.2d 839 (1985), wherein the court held the plaintiff's claim of retaliatory discharge for reporting state health violations by his employer was not preempted by federal labor law.

*Peabody, Sutton,* and *Garibaldi* were decided without the guidance of the Supreme Court's recent opinion concerning § 301 preemption of state tort claims. In *Allis-Chalmers v. Lueck,* — U.S. —, 105 S.Ct. 1904, 85 L.Ed.2d 206 (1985), the plaintiff filed suit against his employer in state court for the bad faith handling of an insurance claim under an insurance plan established by the collective bargaining agreement. Plaintiff had never filed a grievance as required by the collective bargaining agreement. The employer filed a successful summary judgment motion on the ground that the state law tort claim was preempted by § 301, but the state Supreme Court reversed, distinguishing claims for violation of a labor contract from independent state law torts. The United States Supreme Court reversed, finding that in order for the goal of achieving a uniform federal labor law with respect to labor contracts to be effectuated, the preemptive scope of § 301 must extend beyond state contract actions to encompass state tort claims which have implications regarding the enforcement of collective bargaining agreements. 105 S.Ct. at 1911.

The Court concluded that a state tort action will be preempted by § 301 whenever the interpretation of a collective bargaining agreement underlies any finding of tort liability. 105 S.Ct. at 1915. The Court opined that if a separate tort action of this kind were permitted, employees would be able to avoid the arbitration procedures established in the collective bargaining agreement:

> Since nearly any alleged willful breach of contract can be restated as a tort claim for breach of a good-faith obligation under a contract, the arbitrator's role in every case could be bypassed easily if § 301 is not understood to preempt such claims. Claims involving vacation or overtime pay, work assignment, *unfair discharge*—in short, the whole range of disputes traditionally resolved through arbitration—could be brought in the first instance in state court rather than in contract. A rule that permitted an individual to sidestep available grievance procedures would cause arbitration to lose most of its effectiveness ... as well as eviscerate a central tenet of federal labor-contract law under § 301 that it is the arbitrator, not the court, who has the responsibility to interpret the labor contract in the first instance.

105 S.Ct. at 1916 (emphasis added) (citation omitted).

Applying the standards announced by the Court in *Lueck*, this court is compelled to find that plaintiff's claim herein is preempted by § 301. While mindful of the Court's cautioning that its decision had a "narrow focus" and that § 301 preemption of state torts must be resolved on a case-by-case basis, it is clear that state remedies for retaliatory discharge of a unionized employee are "inextricably intertwined" with the interpretation of the collective bargaining agreement's "just cause" provision. It is equally clear that such a tort claim would affect the "legal consequences [which] were intended to flow from breaches of [the] agreement." 105 S.Ct. at 1911. The parties have previously agreed to abide by the orderly mechanism for grievance of wrongful discharge claims as set forth in the collective bargaining agreement.

In *Waycaster v. AT & T Technologies, Inc.*, 636 F.Supp. 1052 (N.D.Ill.1986), the court, relying on *Lueck*, found the state tort claim of retaliatory discharge for filing a workers' compensation claim (which remedy has been recognized for even unionized employees in Illinois) is preempted by § 301 when the collective bargaining agreement precludes discharge unless for "just cause." In so finding, the court observed:

> [T]o allow an independent tort action for these employees might result in an unacceptable loss of uniformity in federal labor law with respect to disputes regarding termination of employment. In the present case, [plaintiff] was protected in his employment by a negotiated collective bargaining agreement which provided specific procedures for challenging a discharge which he deemed to be without just cause. An employer's decision to terminate an employee in retaliation for exercising rights established under state workers' compensation laws is repugnant to state and federal policy alike. However, where federal labor policy mandates a uniform system for the resolution of management-labor disputes such as this one, the state claim must yield. Furthermore, the state policy of providing rights to compensation for injured workers is subsumed in the federal labor policy providing protection from the violation of collective bargaining agreements.

Similar results have been reached in *Vantine v. Elkhart Brass Manufacturing Co., Inc.*, 762 F.2d 511 (7th Cir.1985); *Northwest Indus. Credit Union v. Salisbury*, 634 F.Supp. 191 (W.D.Mich.1986); *Hughes v. Pittsburgh Testing Lab*, 624 F.Supp. 54 (N.D.Ill.1985); *Lingle v. Norge Division of Magic Chef, Inc.*, 618 F.Supp. 1448 (S.D.Ill. 1985); *Johnson v. Hussmann Corp.*, 610 F.Supp. 757 (E.D.Mo.1985); *Piscitelli v. Krack Corp.*, No. 85–6537, slip op. (E.D.Ill., Jan. 7, 1986) [Available on WESTLAW, DCTU database]; *Clark v. Momence Packing Co.*, 637 F.Supp. 16 (C.D.Ill., Nov. 21, 1985); *Daugherty v. Lucky Stores, Inc.*,

No. 84–1382 (C.D.Ill., unpub., Sept. 24, 1985) [Available on WESTLAW, DCTU database]. *But see Benton v. Kroger Co.,* 635 F.Supp. 56, 58 (S.D.Tex.1986) (claim of retaliatory discharge is not "substantially dependent upon analysis of the terms of an agreement made between the parties in a labor contract."); *Orsini v. Echlin, Inc.,* 637 F.Supp. 38 (E.D.Ill., 1986) (state cause of action for retaliatory discharge exists separately from, and has no bearing on, the collective bargaining agreement.).

In this district, Judge Saffels considered the application of *Lueck* to a state claim for retaliatory discharge in *Sutton v. Southwest Forest Industries,* 643 F.Supp. 662 (D.Kan., 1986), finding that "[p]laintiff's retaliatory discharge claim is in no way dependent upon the collective bargaining agreement," and was thus not preempted.

This court must respectfully depart from the result reached by Judge Saffels in *Sutton.* Any state court consideration of a retaliatory discharge claim involves an inquiry into the cause for the discharge. A successful plaintiff must prove that his or her discharge was due solely to the filing of a workers' compensation claim. In this court's view, such an investigation is "inextricably intertwined" with consideration of the terms of the labor contract in that it requires "just cause" for a proper dismissal. While clearly every employee has a right to file a workers' compensation claim, this is not the equivalent of the right to file a state tort claim for retaliatory discharge. A unionized employee must first present his claim of retaliatory discharge as a grievance. Federal law requires a unionized employee to exhaust contractually created grievance procedures before filing suit in a court for a discharge in violation of the collective bargaining agreement. *Republic Steel v. Maddox,* 379 U.S. 650, 85 S.Ct. 614, 13 L.Ed.2d 580 (1965); *Truex v. Garrett Freight Lines, Inc.,* 784 F.2d 1347 (9th Cir.1985). The right to file a workers' compensation claim is not altered or compromised by the federal preemption of the state tort claim. A collective bargaining agreement cannot lawfully allow an employer to violate Kansas' policy prohibiting retaliation for filing a workers' compensation claim. However, allowing an independent tort action for those employees who have been discharged due to filing a workers' compensation claim might result in an unacceptable loss of uniformity in federal labor law with respect to disputes regarding termination of employment.

Accordingly, the plaintiff's claim in this case must be dismissed due to his failure to exhaust grievance procedures. Additionally, the claim must be dismissed for failure to comply with with six month statute of limitations period applicable to § 301 cases. 29 U.S.C. § 160(b).

IT IS THEREFORE ORDERED this <u>12</u> day of August, 1986, that defendants' motion to dismiss be granted.